Mark M. Bettilyon (4798)
RAY QUINNEY & NEBEKER P.C.
36 South State Street, Suite 1400
Salt Lake City, Utah  84111
Telephone:  (801) 532-1500
Facsimile:  (801) 532-7543
mbettilyon@rqn.com

Christopher A. Hughes (*admitted pro hac vice*)
Bart Verdirame (*admitted pro hac vice*)
CADWALADER, WICKERSHAM & TAFT, LLP
One World Financial Center
New York, New York 10281
Telephone: (212) 504-6000
Facsimile: (212) 504-6666
Christopher.Hughes@cwt.com
Bart.Verdirame@cwt.com

*Attorneys for Defendant,*
*AngioDynamics, Inc.*

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| C.R. BARD, INC.,<br><br>                              Plaintiff,<br><br>            vs.<br><br>ANGIODYNAMICS, INC.,<br><br>                        Defendant<br><br><br>AND RELATED COUNTERCLAIMS. | **DEFENDANT ANGIODYNAMICS, INC.'S ANSWER AND FIRST AMENDED COUNTERCLAIMS TO PLAINTIFF C.R. BARD, INC.'S COMPLAINT**<br><br>Case No. 2:12cv00035-TS-EJF<br><br>Judge Ted Stewart<br><br>Jury Trial Demanded |

AngioDynamics, Inc. ("AngioDynamics"), defendant in the above-entitled and numbered civil action, files this Answer and First Amended Counterclaims in response to plaintiff C.R. Bard, Inc.'s ("Bard") Complaint for Patent Infringement.

## ANGIODYNAMICS' ANSWER

### THE PARTIES

1.     AngioDynamics is without knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint, and therefore denies these allegations.

2.     AngioDynamics admits that it is a corporation organized under the laws of the State of Delaware and has its principal place of business at 14 Plaza Drive, Latham, NY 12110. AngioDynamics further admits that it makes, sells, offers for sale, and/or uses medical products, including implantable port products in the United States, including within this District.

### JURISDICTION AND VENUE

3.     AngioDynamics admits that the Complaint purports to assert a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1 *et seq.* AngioDynamics denies all remaining allegations in this paragraph of the Complaint.

4.     AngioDynamics admits that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.     AngioDynamics admits that venue may exist in this district under 28 U.S.C. §§ 1391 and 1400.  However, Utah is an inconvenient forum because AngioDynamics' relevant contacts are principally in New York and Georgia.

## THE PATENTS-IN-SUIT

6.      AngioDynamics admits that U.S. Patent No. 7,947,022 ("the '022 patent") is entitled "Access Port Identification Systems and Methods" and issued on May 24, 2011, but denies that the U.S. Patent and Trademark Office ("USPTO") legally issued the '022 patent. AngioDynamics admits that a copy of the '022 patent is attached to the Complaint as Exhibit 1. AngioDynamics is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph of the Complaint, and therefore denies these allegations.

7.      AngioDynamics admits that U.S. Patent No. 7,785,302 ("the '302 patent") is entitled "Access Port Identification Systems and Methods" and issued on August 31, 2010, but denies that the USPTO legally issued the '302 patent.  AngioDynamics admits that a copy of the '302 patent is attached to the Complaint as Exhibit 2.  AngioDynamics is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph of the Complaint, and therefore denies these allegations.

8.      AngioDynamics admits that U.S. Patent No. 7,959,615 ("the '615 patent") is entitled "Access Port Identification Systems and Methods" and issued on June 14, 2011, but denies that the USPTO legally issued the '615 patent.  AngioDynamics admits that a copy of the '615 patent is attached to the Complaint as Exhibit 3.  AngioDynamics is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in this paragraph of the Complaint, and therefore denies these allegations.

9.      AngioDynamics acknowledges that the USPTO records reflect assignments which purport to assign the '022, '302 and '615 patents to Bard, but otherwise is without knowledge or

information sufficient to form a belief as to the truth of the allegations in this paragraph of the Complaint, and therefore denies these allegations.

### ANGIODYNAMICS' ANSWER TO BARD'S FIRST CAUSE OF ACTION
#### (Alleged Patent Infringement of the '022 Patent)

10.     AngioDynamics incorporates by reference its responses to paragraphs 1-9 of the Complaint as though fully set forth herein.

11.     AngioDynamics denies that it has infringed or is infringing any valid and enforceable claim of the '022 patent, either literally or under the doctrine of equivalents, and therefore denies all allegations in this paragraph of the Complaint.

12.     AngioDynamics denies that it has infringed or is infringing any valid and enforceable claim of the '022 patent, either literally or under the doctrine of equivalents. Notwithstanding the fact that the '022 patent may have been cited by the USPTO Examiner during the prosecution of Design Patent Application No. 29/328079, AngioDynamics denies that it has willfully infringed or is willfully infringing the '022 patent, and further denies that Bard is entitled to enhanced damages under 35 U.S.C. § 284.

13.     AngioDynamics denies that it has infringed or is infringing any valid and enforceable claim of the '022 patent, either literally or under the doctrine of equivalents, and therefore denies all allegations in this paragraph of the Complaint.

### ANGIODYNAMICS' ANSWER TO BARD'S SECOND CAUSE OF ACTION
#### (Alleged Patent Infringement of the '302 Patent)

14.     AngioDynamics incorporates by reference its responses to paragraphs 1-13 of the Complaint as though fully set forth herein.

15.     AngioDynamics denies that it has infringed or is infringing any valid and enforceable claim of the '302 patent, either literally or under the doctrine of equivalents, and therefore denies all allegations in this paragraph of the Complaint.

16.     AngioDynamics denies that it has infringed or is infringing any valid and enforceable claim of the '302 patent, either literally or under the doctrine of equivalents, and therefore denies all allegations in this paragraph of the Complaint.

**ANGIODYNAMICS' ANSWER TO BARD'S THIRD CAUSE OF ACTION**
**(Alleged Patent Infringement of the '615 Patent)**

17.     AngioDynamics incorporates by reference its responses to paragraphs 1-16 of the Complaint as though fully set forth herein.

18.     AngioDynamics denies that it has infringed or is infringing any valid and enforceable claim of the '615 patent, either literally or under the doctrine of equivalents, and therefore denies all allegations in this paragraph of the Complaint.

19.     AngioDynamics denies that it has infringed or is infringing any valid and enforceable claim of the '615 patent, either literally or under the doctrine of equivalents, and therefore denies all allegations in this paragraph of the Complaint.

**ANGIODYNAMICS' ANSWER TO BARD'S PRAYER FOR RELIEF**

20.     AngioDynamics denies that Bard is entitled to any of the relief requested against AngioDynamics in paragraphs A through G of Bard's Prayer For Relief in its Complaint.

**ANGIODYNAMICS' AFFIRMATIVE DEFENSES**

21.     AngioDynamics asserts the following defenses specified below.  AngioDynamics reserves the right to assert additional defenses pursuant to Rule 8(c) of the Federal Rules of Civil

Procedure, the patent laws of the United States, and any other defenses, at law or in equity, that may now exist or that become known through the course of discovery in this action and/or changes in applicable law or regulations.

## FIRST AFFIRMATIVE DEFENSE
### (Failure To State A Claim)

22.　　Bard's purported claims against AngioDynamics are barred because the Complaint fails to state any claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Non-Infringement)

23.　　Bard's purported claims against AngioDynamics are barred because AngioDynamics does not infringe and has not infringed any valid and enforceable claim of any of the '022, '302, and '615 patents, either literally or under the doctrine of equivalents.

## THIRD AFFIRMATIVE DEFENSE
### (Invalidity)

24.　　Bard's purported claims against AngioDynamics are barred because each of the '022, '302, and '615 patents is invalid for failure to satisfy one or more of the conditions for patentability set forth in Title 35 of the United States Code § 101 *et seq.*, including without limitation, 35 U.S.C. §§ 101, 102, 103, 112 and/or 132.

## FOURTH AFFIRMATIVE DEFENSE
### (Improper Inventorship)

25.　　Bard's purported claims against AngioDynamics are barred because, upon information and belief, each of the '022, '302, and '615 patents is invalid under Title 35 of the United States Code § 102(f) for improper inventorship.

**FIFTH AFFIRMATIVE DEFENSE**
**(Estoppel, Waiver and/or Laches)**

26.     Bard's purported claims against AngioDynamics regarding each of the '022, '302, and '615 patents are barred, in whole or in part, by the doctrines of estoppel, waiver and/or laches.

**SIXTH AFFIRMATIVE DEFENSE**
**(Limitation on Damages)**

27.     To the extent Bard seeks damages, any claim for damages for patent infringement asserted against AngioDynamics is barred, in whole or in part, under 35 U.S.C. § 286 (six year limitation), 35 U.S.C. § 287 (failure to mark/provide notice), and/or 28 U.S.C. § 1498 (use or manufacture for United States Government).

**ANGIODYNAMICS' FIRST AMENDED COUNTERCLAIMS**

**PARTIES**

1.     Counterclaim plaintiff AngioDynamics is a Delaware corporation with its principal place of business located in Latham, New York.

2.     On information and belief, counterclaim defendant Bard is a New Jersey corporation with its principal place of business located in Murray Hill, New Jersey.

**JURISDICTION AND VENUE**

3.     This declaratory judgment action arises under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, and the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*

4.     This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.      This Court has personal jurisdiction over Bard and venue would be proper in this judicial district by reason, *inter alia,* of Bard instituting the present action before this Court in this judicial district.

## AMENDED COUNTERCLAIMS

### FIRST COUNTERCLAIM
**(Declaratory Relief Regarding Invalidity of U.S. Patent No. 7,785,302)**

6.      AngioDynamics realleges the allegations set forth in paragraphs 1 through 5 of its First Amended Counterclaims.

7.      Based on Bard's filing of its Complaint and AngioDynamics' Affirmative Defenses asserted against the Complaint, an actual controversy has arisen and now exists between the parties as to the validity of U.S. Patent No. 7,785,302 ("the '302 patent").

8.      Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.,* AngioDynamics requests a declaration by the Court that the '302 patent is invalid for failure to satisfy one or more of the conditions for patentability set forth in Title 35 of the United States Code § 101 *et seq.*, including particularly, 35 U.S.C. §§ 101, 102, 103, 112 and/or 132.

9.      Once the Court issues its claim construction rulings for the '302 patent, and/or following an opportunity for further investigation and discovery, the evidence will likely establish that the claims of the '302 patent are invalid as anticipated under 35 U.S.C. § 102 in light of prior art patents, printed publications and/or public use or on-sale activities, including, but not limited to one or more of the items of prior art identified on the face of the '302, '022 and '615 patents and/or in the course of prosecution of the '302, '022 and '615 patents, whether taken alone or in combination with the knowledge of one skilled in the relevant art.  (A list of prior art references is appended as Exhibit A.)  The '302 patent claims are invalid as aforesaid,

despite any potential applicability of any presumption pursuant to 35 USC § 282 because, *inter alia*, the Examiner overlooked the significance of many of the references identified in Exhibit A and/or was erroneously convinced to allow the claims based on arguments and amendments which in fact had no patentable significance.  Prior art to be relied on at trial will be identified to Plaintiff no later than thirty (30) days prior to trial pursuant to 35 U.S.C. § 282 if not sooner as part of contention discovery ordered by the Court.

10.   Once the Court issues its claim construction rulings for the '302 patent, and/or following an opportunity for further investigation and discovery, the evidence will likely establish that the claims of the '302 patent are invalid as anticipated under 35 U.S.C. § 102 in light of prior art patents, printed publications and/or public use or on-sale activities, including, but not limited to one or more of the prior art references identified during the course of Patent Interference No. 105,860, captioned *Zinn v. Powers*, declared November 10, 2011 (the "Zinn Interference"), whether taken alone or in combination with the knowledge of one skilled in the particular art.  (A list of prior art references is appended as Exhibit B.)  The '302 patent claims are invalid as aforesaid, despite any potential applicability of any presumption pursuant to 35 USC § 282 because, *inter alia*, the Examiner has or will have overlooked the significance of various prior art references and/or had previously been erroneously convinced to allow the '302 patent claims based on amendments and/or arguments which in fact had no patentable significance.  These references will be identified to Plaintiff no later than thirty (30) days prior to trial pursuant to 35 U.S.C. § 282 if not sooner as part of contention discovery ordered by the Court.

11.    Once the Court issues its claim construction rulings for the '302 patent, and/or following an opportunity for further investigation and discovery, the evidence will likely establish that the '302 patent claims are further invalid as anticipated under 35 U.S.C. § 102 in light of prior art patents, printed publications and/or public use or on-sale activities, including, but not limited to one or more of the prior art references and other evidentiary bases that will likely be identified after a reasonable opportunity for further investigation or discovery, whether taken alone or in combination with the knowledge of one skilled in the particular art.  Prior art to be relied on at trial will be identified to Plaintiff no later than thirty (30) days prior to trial pursuant to 35 U.S.C. § 282 if not sooner as part of contention discovery ordered by the Court.

12.    Once the Court issues its claim construction rulings for the '302 patent, and/or following an opportunity for further investigation and discovery, the evidence will likely establish that the claims of the '302 patent are invalid as obvious under 35 U.S.C. § 103 in view of one or more of prior art patents, printed publications and/or public use or on-sale activities, including, but not limited to one or more of the items of the prior art identified on the face of the '302, '022 and '615 patents and/or during the course of prosecution of the '302, '022 and '615 patents, as identified in Exhibit A, when the teachings of those references are properly combined in accordance with the applicable legal principles as set out, *e.g.*, in *KSR Int'l Co. v. Teleflex, Inc.*, 550 U.S. 398 (2007).  The '302 patent claims are invalid as aforesaid, despite any potential applicability of any presumption pursuant to 35 USC § 282 because, *inter alia*, the Examiner overlooked the significance of many of the references in Exhibit A and/or was erroneously convinced to allow the claims based on arguments and amendments which in fact had no patentable significance.  Prior art to be relied on at trial will be identified to Plaintiff no later than

thirty (30) days prior to trial pursuant to 35 U.S.C. § 282 if not sooner as part of contention discovery ordered by the Court.

13.     Once the Court issues its claim construction rulings for the '302 patent, and/or following an opportunity for further investigation and discovery, the evidence will likely establish that the claims of the '302 patent are invalid as obvious under 35 U.S.C. § 103 in view of one or more prior art patents, printed publications and/or public use or on-sale activities, including, but not limited to the prior art references identified during the course of the Zinn Interference, as identified in Exhibit B, when the teachings of those references are properly combined in accordance with the applicable legal principles as set out, *e.g.*, in *KSR Int'l Co. v. Teleflex, Inc.*, 550 U.S. 398 (2007) including when combined with any one or more of the references identified in Exhibit A.  The '302 patent claims are invalid as aforesaid, despite any potential applicability of any presumption pursuant to 35 USC § 282 because, *inter alia*, the Examiner has or will have overlooked the significance of various prior art references and/or had previously been erroneously convinced to allow the '302 patent claims based on amendments and/or arguments which in fact had no patentable significance.  These references will be identified to Plaintiff no later than thirty (30) days prior to trial pursuant to 35 U.S.C. § 282 if not sooner as part of contention discovery ordered by the Court.

14.     Once the Court issues its claim construction rulings for the '302 patent, and/or following an opportunity for further investigation and discovery, the evidence will likely establish that the claims of the '302 patent are invalid as obvious under 35 U.S.C. § 103 over one or more prior art patents, printed publications and/or public use or on-sale activities, including, but not limited to the prior art references and other evidentiary bases that will likely be identified

after a reasonable opportunity for further investigation or discovery when the teachings of those references are properly combined between and among such references and/or when combined with any one or more references from Exhibit A or Exhibit B, in accordance with the applicable legal principles as set out, *e.g.*, in *KSR Int'l Co. v. Teleflex, Inc.*, 550 U.S. 398 (2007).  Prior art to be relied on at trial will be identified to Plaintiff no later than thirty (30) days prior to trial pursuant to 35 U.S.C. § 282 if not sooner in accordance with contention discovery ordered by the Court.

15.    The '302 patent is invalid over prior art patents, printed publications and/or public use or on-sale activities even after the purported March 4, 2004 critical date pursuant to 35 U.S.C. §102 whether alone or in combination with the knowledge of one skilled in the art and/or for obviousness under 35 U.S.C. §103 because the '302 patent is not entitled to a priority date of March 4, 2005 as was printed on the '302 patent.  Prior art to be relied on at trial will be identified to Plaintiff no later than thirty (30) days prior to trial pursuant to 35 U.S.C. § 282 if not sooner in accordance with contention discovery ordered by the Court.

16.    Following a reasonable opportunity for further investigation and discovery, evidence will likely support additional invalidity or unenforceability defenses, including but not limited to, evidence that the alleged invention claimed in the '302 patent was placed on-sale or public use in the United States by Bard or others more than one year prior to the filing date to which the '302 patent is properly entitled and/or taught or disclosed through other prior art information which renders the '302 patent claims invalid under 35 U.S.C. §§ 102 and/or 103. These references will be identified to Plaintiff no later than thirty (30) days prior to trial pursuant to 35 U.S.C. § 282 if not sooner as part of contention discovery ordered by the Court.

17.     The claims of the '302 patent are invalid under 35 U.S.C. § 112, ¶ 1 for failure to comply with the written description requirement and/or under 35 U.S.C. § 112, ¶ 2 for indefiniteness.  Neither Provisional Application No 60/658,518 ("the '518 provisional application") to which the '302 patent purports to claim priority, nor the Appendix thereto, nor the '302 patent application specification as originally filed as U.S. Patent Application No. 11/368,954 ("the '954 application") satisfy the requirements of 35 U.S.C. § 112, ¶¶ 1-2.

18.     For example, the issued '302 patent claims contain a phrase which recites the use of radiopaque alphanumeric markers (*e.g.,* characters or messages) to convey to a practitioner that a port is power injectable.   However, neither the '518 provisional application, nor the Appendix thereto, nor the '954 application as originally filed contain any teaching or disclosure which supports the foregoing radiopaque alphanumeric marker phrase, which phrase, as indicated by the prosecution record, was central to the allowance of all ten claims of the '302 patent.   Similarly, neither the '518 provisional application, nor the Appendix thereto, nor the '954 application as originally filed includes, *inter alia*, any disclosure of how an alphanumeric message can be used to convey that a port is power injectable, nor any description of a characteristic or structure of a power port, nor what constitutes a power port.   As a result, all ten claims of the '302 patent are invalid for failure to comply with 35 U.S.C. § 112, ¶¶ 1-2.

19.     The '302 patent is not entitled to the March 4, 2005 priority date indicated on the face of the patent because, *inter alia*, the patent applicants did not properly claim priority to the '518 provisional application, nor to the Appendix thereto.  Moreover, the applicants' attempt to cure that defect through a purported use of incorporation by reference was legally improper and ineffective because it violates, *inter alia*, 37 C.F.R. § 1.57(c).

**SECOND COUNTERCLAIM**
**(Declaratory Relief Regarding Invalidity of U.S. Patent No. 7,947,022)**

20.     AngioDynamics realleges the allegations set forth in paragraphs 1 through 19 of its First Amended Counterclaims.

21.     Based on Bard filing its Complaint and AngioDynamics' Affirmative Defenses asserted against the Complaint, an actual controversy has arisen and now exists between the parties as to the validity of U.S. Patent No. 7,947,022 ("the '022 patent").

22.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, AngioDynamics requests a declaration by the Court that the '022 patent is invalid for failure to satisfy one or more of the conditions for patentability set forth in Title 35 of the United States Code § 101 *et seq.*, including without limitation, 35 U.S.C. §§ 101, 102, 103, 112 and/or 132.

23.     Once the Court issues its claim construction rulings for the '022 patent, and/or following an opportunity for further investigation and discovery, the evidence will likely establish that the claims of the '022 patent are invalid as anticipated under 35 U.S.C. § 102 in light of prior art patents, printed publications and/or public use or on-sale activities, including, but not limited to one or more of the items of prior art identified in Exhibit A.  The '022 patent claims are invalid as aforesaid, despite any potential applicability of any presumption pursuant to 35 USC § 282 because, *inter alia*, the Examiner overlooked the significance of many of the references identified in Exhibit A and/or was erroneously convinced to allow the claims based on arguments and amendments which in fact had no patentable significance.  Prior art to be relied on at trial will be identified to Plaintiff no later than thirty (30) days prior to trial pursuant to 35 U.S.C. § 282 if not sooner as part of contention discovery ordered by the Court.

24.     Once the Court issues its claim construction rulings for the '022 patent, and/or following an opportunity for further investigation and discovery, the evidence will likely establish that the claims of the '022 patent are invalid as anticipated under 35 U.S.C. § 102 in light of prior art patents, printed publications and/or public use or on-sale activities, including, but not limited to one or more of the prior art references identified in Exhibit B, whether taken alone or in combination with the knowledge of one skilled in the particular art.  The '022 patent claims are invalid as aforesaid, despite any potential applicability of any presumption pursuant to 35 USC § 282 because, *inter alia*, the Examiner will have overlooked the significance of various prior art references and/or had previously been erroneously convinced to allow the '022 patent claims based on amendments and/or arguments which in fact had no patentable significance. These references will be identified to Plaintiff no later than thirty (30) days prior to trial pursuant to 35 U.S.C. § 282 if not sooner as part of contention discovery ordered by the Court.

25.     Once the Court issues its claim construction rulings for the '022 patent, and/or following an opportunity for further investigation and discovery, the evidence will likely establish that the '022 patent claims are further invalid as anticipated under 35 U.S.C. § 102 in light of prior art patents, printed publications and/or public use or on-sale activities, including, but not limited to one or more of the prior art references and other evidentiary bases that will likely be identified after a reasonable opportunity for further investigation or discovery, whether taken alone or in combination with the knowledge of one skilled in the particular art.  Prior art to be relied on at trial will be identified to Plaintiff no later than thirty (30) days prior to trial pursuant to 35 U.S.C. § 282 if not sooner as part of contention discovery ordered by the Court.

26.     Once the Court issues its claim construction rulings for the '022 patent, and/or following an opportunity for further investigation and discovery, the evidence will likely establish that the claims of the '022 patent are invalid as obvious under 35 U.S.C. § 103 in view of one or more of prior art patents, printed publications and/or public use or on-sale activities, including, but not limited to one or more of the items of the prior art identified in Exhibit A, when the teachings of those references are properly combined in accordance with the applicable legal principles as set out, *e.g.*, in *KSR Int'l Co. v. Teleflex, Inc.*, 550 U.S. 398 (2007).  The '022 patent claims are invalid as aforesaid, despite any potential applicability of any presumption pursuant to 35 USC § 282 because, *inter alia*, the Examiner overlooked the significance of many of the references in Exhibit A and/or was erroneously convinced to allow the claims based on arguments and amendments which in fact had no patentable significance.  Prior art to be relied on at trial will be identified to Plaintiff no later than thirty (30) days prior to trial pursuant to 35 U.S.C. § 282 if not sooner as part of contention discovery ordered by the Court.

27.     Once the Court issues its claim construction rulings for the '022 patent, and/or following an opportunity for further investigation and discovery, the evidence will likely establish that the claims of the '022 patent are invalid as obvious under 35 U.S.C. § 103 in view of one or more prior art patents, printed publications and/or public use or on-sale activities, including, but not limited to the prior art references identified in Exhibit B, when the teachings of those references are properly combined between and among such references and/or when combined, in accordance with the applicable legal principles as set out, *e.g.*, in *KSR Int'l Co. v. Teleflex, Inc.*, 550 U.S. 398 (2007) including when combined with any one or more of the references identified in Exhibit A.  The '022 patent claims are invalid as aforesaid, despite any

potential applicability of any presumption pursuant to 35 USC § 282 because, *inter alia*, the Examiner will have overlooked the significance of various prior art references and/or had previously been erroneously convinced to allow the '022 patent claims based on amendments and/or arguments which in fact had no patentable significance.  These references will be identified to Plaintiff no later than thirty (30) days prior to trial pursuant to 35 U.S.C. § 282 if not sooner as part of contention discovery ordered by the Court.

28.     Once the Court issues its claim construction rulings for the '022 patent, and/or following an opportunity for further investigation and discovery, the evidence will likely establish that the claims of the '022 patent are invalid as obvious under 35 U.S.C. § 103 over one or more prior art patents, printed publications and/or public use or on-sale activities, including, but not limited to the prior art references and other evidentiary bases that will likely be identified after a reasonable opportunity for further investigation or discovery when the teachings of those references are properly combined between and among such references and/or when combined with any one or more references from Exhibit A or Exhibit B in accordance with the applicable legal principles as set out, *e.g.*, in *KSR Int'l Co. v. Teleflex, Inc.*, 550 U.S. 398 (2007).  Prior art to be relied on at trial will be identified to Plaintiff no later than thirty (30) days prior to trial pursuant to 35 U.S.C. § 282 if not sooner in accordance with contention discovery ordered by the Court.

29.     The '022 patent is invalid over prior art patents, printed publications and/or public use or on-sale activities even after the purported March 4, 2004 critical date pursuant to 35 U.S.C. §102 whether alone or in combination with the knowledge of one skilled in the art and/or for obviousness under 35 U.S.C. §103 because the '022 patent is not entitled to a priority date of

March 4, 2005 as was printed on the '022 patent.  Prior art to be relied on at trial will be identified to Plaintiff no later than thirty (30) days prior to trial pursuant to 35 U.S.C. § 282 if not sooner in accordance with contention discovery ordered by the Court.

30.     Following a reasonable opportunity for further investigation and discovery, evidence will likely support additional invalidity or unenforceability defenses, including but not limited to, evidence that the alleged invention claimed in the '022 patent was placed on-sale or public use in the United States by Bard or others more than one year prior to the filing date to which the '022 patent is properly entitled and/or taught or disclosed through other prior art information which renders the '022 patent claims invalid under 35 U.S.C. §§ 102 and/or 103. These references will be identified to Plaintiff no later than thirty (30) days prior to trial pursuant to 35 U.S.C. § 282 if not sooner as part of contention discovery ordered by the Court.

31.     The claims of the '022 patent are invalid under 35 U.S.C. § 112, ¶ 1 for failure to comply with the written description requirement and/or under 35 U.S.C. § 112, ¶ 2 for indefiniteness. Neither the '518 provisional application, nor the Appendix thereto, nor the specification as originally filed with the '954 application which issued as the '302 patent satisfy the requirements of 35 U.S.C. § 112, ¶¶ 1-2.  The '022 patent claims priority to both of these applications.

32.     For example, neither the '518 provisional application, nor the Appendix thereto, nor the '954 application as originally filed, nor U.S. Patent Application 12/420,028 ("the '028 application") which issued as the '022 patent, includes, *inter alia*, any disclosure of how an alphanumeric message can be used to convey that a port is power injectable, nor any description of a characteristic or structure of a power port, nor what constitutes a power port.

**THIRD COUNTERCLAIM**
**(Declaratory Relief Regarding Invalidity of U.S. Patent No. 7,959,615)**

33.      AngioDynamics realleges the allegations set forth in paragraphs 1 through 32 of its First Amended Counterclaims.

34.      Based on Bard filing its Complaint and AngioDynamics' Affirmative Defenses asserted against the Complaint, an actual controversy has arisen and now exists between the parties as to the validity of U.S. Patent No. 7,959,615 ("the '615 patent").

35.      Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.,* AngioDynamics requests a declaration by the Court that the '615 patent is invalid for failure to satisfy one or more of the conditions for patentability set forth in Title 35 of the United States Code § 101 *et seq.*, including without limitation, 35 U.S.C. §§ 101, 102, 103, 112 and/or 132.

36.      Once the Court issues its claim construction rulings for the '615 patent, and/or following an opportunity for further investigation and discovery, the evidence will likely establish that the claims of the '615 patent are invalid as anticipated under 35 U.S.C. § 102 in light of prior art patents, printed publications and/or public use or on-sale activities, including, but not limited to one or more of the items of prior art identified in Exhibit A.  The '615 patent claims are invalid as aforesaid, despite any potential applicability of any presumption pursuant to 35 USC § 282 because, *inter alia*, the Examiner overlooked the significance of many of the references identified in Exhibit A and/or was erroneously convinced to allow the claims based on arguments and amendments which in fact had no patentable significance.  Prior art to be relied on at trial will be identified to Plaintiff no later than thirty (30) days prior to trial pursuant to 35 U.S.C. § 282 if not sooner as part of contention discovery ordered by the Court.

37.     Once the Court issues its claim construction rulings for the '615 patent, and/or following an opportunity for further investigation and discovery, the evidence will likely establish that the claims of the '615 patent are invalid as anticipated under 35 U.S.C. § 102 in light of prior art patents, printed publications and/or public use or on-sale activities, including, but not limited to one or more of the prior art references identified in Exhibit B.  The '615 patent claims are invalid as aforesaid, despite any potential applicability of any presumption pursuant to 35 USC § 282 because, *inter alia*, the Examiner will have overlooked the significance of various prior art references and/or had previously been erroneously convinced to allow the '615 patent claims based on amendments and/or arguments which in fact had no patentable significance. These references will be identified to Plaintiff no later than thirty (30) days prior to trial pursuant to 35 U.S.C. § 282 if not sooner as part of contention discovery ordered by the Court.

38.     Once the Court issues its claim construction rulings for the '615 patent, and/or following an opportunity for further investigation and discovery, the evidence will likely establish that the '615 patent claims are further invalid as anticipated under 35 U.S.C. § 102 in light of prior art patents, printed publications and/or public use or on-sale activities, including, but not limited to one or more of the prior art references and other evidentiary bases that will likely be identified after a reasonable opportunity for further investigation or discovery, whether taken alone or in combination with the knowledge of one skilled in the particular art.  Prior art to be relied on at trial will be identified to Plaintiff no later than thirty (30) days prior to trial pursuant to 35 U.S.C. § 282 if not sooner as part of contention discovery ordered by the Court.

39.     Once the Court issues its claim construction rulings for the '615 patent, and/or following an opportunity for further investigation and discovery, the evidence will likely

establish that the claims of the '615 patent are invalid as obvious under 35 U.S.C. § 103 in view

of one or more of prior art patents, printed publications and/or public use or on-sale activities,

including, but not limited to one or more of the items of the prior art identified in Exhibit A,

when the teachings of those references are properly combined in accordance with the applicable

legal principles as set out, *e.g.*, in *KSR Int'l Co. v. Teleflex, Inc.*, 550 U.S. 398 (2007).  The '615

patent claims are invalid as aforesaid, despite any potential applicability of any presumption

pursuant to 35 USC § 282 because, *inter alia*, the Examiner overlooked the significance of many

of the references in Exhibit A and/or was erroneously convinced to allow the claims based on

arguments and amendments which in fact had no patentable significance.  Prior art to be relied

on at trial will be identified to Plaintiff no later than thirty (30) days prior to trial pursuant to 35

U.S.C. § 282 if not sooner as part of contention discovery ordered by the Court.

   40. Once the Court issues its claim construction rulings for the '615 patent, and/or

following an opportunity for further investigation and discovery, the evidence will likely

establish that the claims of the '615 patent are invalid as obvious under 35 U.S.C. § 103 in view

of one or more prior art patents, printed publications and/or public use or on-sale activities,

including, but not limited to the prior art references identified in Exhibit B, when the teachings of

those references are properly combined in accordance with the applicable legal principles as set

out, *e.g.*, in *KSR Int'l Co. v. Teleflex, Inc.*, 550 U.S. 398 (2007) including when combined with

any one or more of the references identified in Exhibit A.  The '615 patent claims are invalid as

aforesaid, despite any potential applicability of any presumption pursuant to 35 USC § 282

because, *inter alia*, the Examiner will have overlooked the significance of various prior art

references and/or had previously been erroneously convinced to allow the '615 patent claims

based on amendments and/or arguments which in fact had no patentable significance.  These references will be identified to Plaintiff no later than thirty (30) days prior to trial pursuant to 35 U.S.C. § 282 if not sooner as part of contention discovery ordered by the Court.

41.     Once the Court issues its claim construction rulings for the '615 patent, and/or following an opportunity for further investigation and discovery, the evidence will likely establish that the claims of the '615 patent are invalid as obvious under 35 U.S.C. § 103 over one or more prior art patents, printed publications and/or public use or on-sale activities, including, but not limited to the prior art references and other evidentiary bases that will likely be identified after a reasonable opportunity for further investigation or discovery when the teachings of those references are properly combined between and among such references and/or when combined with any one or more references from Exhibit A or Exhibit B, in accordance with the applicable legal principles as set out, *e.g.*, in *KSR Int'l Co. v. Teleflex, Inc.*, 550 U.S. 398 (2007).  Prior art to be relied on at trial will be identified to Plaintiff no later than thirty (30) days prior to trial pursuant to 35 U.S.C. § 282 if not sooner in accordance with contention discovery ordered by the Court.

42.     Following a reasonable opportunity for further investigation and discovery, evidence will likely support additional invalidity or unenforceability defenses, including but not limited to, evidence that the alleged invention claimed in the '615 patent was placed on-sale or public use in the United States by Bard or others more than one year prior to the filing date to which the '615 patent, is properly entitled and/or taught or disclosed through other prior art information which renders the '615 patent claims invalid under 35 U.S.C. § § 102 and/or 103.

These references will be identified to Plaintiff no later than thirty (30) days prior to trial pursuant to 35 U.S.C. § 282 if not sooner as part of contention discovery ordered by the Court.

43.     Upon information and belief, and as further investigation or discovery will show, the claims of the '615 patent are invalid as indefinite under 35 U.S.C. § 112, ¶¶1- 2, at least with respect to the use of a port as a power injectable port.

44.     For example, neither the '518 provisional application, nor the Appendix thereto, nor the '954 application as originally filed, nor U.S. Patent Application 12/023,280 ("the '280 application") which issued as the '615 patent, includes, *inter alia*, any disclosure of how a concave side surface can be used to convey that a port is power injectable, nor any description of a characteristic or structure of a power port, nor what constitutes a power port.

## FOURTH COUNTERCLAIM
### (Declaratory Relief Regarding Non-infringement)

45.     AngioDynamics realleges the allegations set forth in paragraphs 1 through 44 of its First Amended Counterclaims.

46.     Based on Bard filing its Complaint and AngioDynamics' Affirmative Defenses asserted against the Complaint, an actual controversy has arisen and now exists between the parties as to whether AngioDynamics allegedly infringes (under any theory of infringement) any valid and enforceable claim of each of the '022, '302 and '615 patents.

47.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.,* AngioDynamics requests a declaration by the Court that AngioDynamics does not infringe and has not infringed any valid and enforceable claim of each of the '022, '302 and '615 patents, either literally or under the doctrine of equivalents, under any theory of infringement, including direct infringement (whether individually or jointly) or willful infringement.

## FIFTH COUNTERCLAIM
### (Declaratory Relief Regarding Improper Inventorship)

48.     AngioDynamics realleges the allegations set forth in paragraphs 1 through 47 of its First Amended Counterclaims.

49.     Based on Bard filing its Complaint and AngioDynamics' Affirmative Defenses asserted against the Complaint, an actual controversy has arisen and now exists between the parties as to the validity of each of the '022, '302 and '615 patents.

50.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, AngioDynamics requests a declaration by the Court that each of the '022, '302 and '615 patents is invalid for improper inventorship under Title 35 of the United States Code § 102(f).

51.     The '518 provisional application named four inventors:  Kevin W. Sheetz, Eddie K. Burnside, Matthew M. Lowe and Jay D. Gerondale.  The original application for the '302 patent, as filed, named five inventors, including:  Kevin W. Sheetz, Eddie K. Burnside, Matthew M. Lowe, Jay D. Gerondale, and Jason R. Stats.  Twice during the prosecution of the '954 application, applicants sought to correct inventorship, resulting in a total change from the originally named five inventors to sole inventor Kelly B. Powers, who was never named as an inventor on either the '518 provisional application or the originally filed '954 application.

52.     Upon information and belief this change in inventorship did not result from error without deceptive intent.   It is believed that the foregoing contentions will likely have evidentiary support after a reasonable opportunity for further investigation and discovery.

## ANGIODYNAMICS' PRAYER FOR RELIEF

WHEREFORE, AngioDynamics respectfully requests that the Court:

(A)     enter judgment in favor of AngioDynamics and against Bard,

(B)     dismiss the Complaint against AngioDynamics with prejudice;

(C)     declare that AngioDynamics has not infringed, under any theory of infringement, any valid and enforceable claim of each of the '022, '302 and '615 patents;

(D)     declare that each of the claims in each of the '022, '302 and '615 patents is invalid;

(E)     enter an order stating that AngioDynamics is not liable to Bard for any damages;

(F)     declare that this case is exceptional and award AngioDynamics its reasonable attorneys' fees pursuant to 35 U.S.C. § 285; and

(G)     grant AngioDynamics such other and further relief as the Court deems just and appropriate.

## JURY DEMAND

AngioDynamics hereby demands trial by jury on all issues.


Dated: May 31, 2012                             Respectfully submitted,

                                                RAY QUINNEY & NEBEKER P.C.


                                                    /s/ Mark M. Bettilyon
                                                Mark M. Bettilyon

                                                *Attorneys for Defendant,*
                                                *AngioDynamics, Inc.*

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 31st day of May, 2012, I electronically filed the foregoing

**DEFENDANT ANGIODYNAMICS, INC.'S ANSWER AND FIRST AMENDED**

**COUNTERCLAIMS TO PLAINTIFF C.R. BARD, INC.'S COMPLAINT** with the Clerk of

the Court using the CM/ECF system, which sent notification of such filing to the following:

Byron J. Benevento (5254)
Kimberly Neville (9067)
SNELL & WILMER LLP
15 West South Temple, Suite 1200
Salt Lake City, Utah 84101-1004
Telephone: (801) 257-1902
Facsimile: (801) 257-1800
bbenevento@swlaw.com
kneville@swlaw.com

*Attorneys for Plaintiff,*
*C.R. Bard, Inc.*

/s/ Lori M. McGee

1186242