IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

C.R. BARD, INC and                )
BARD PERIPHERAL VASCULAR,          )
INC.,                             )
                                  )
              Plaintiffs,          )
                                  )
        v.                         )   C.A. No. 20-1543 (CFC)
                                  )
SMITHS MEDICAL ASD, INC.,          )
                                  )
              Defendant.           )
_____ )
C.R. BARD, INC and                )
BARD PERIPHERAL VASCULAR,          )
INC.,                             )
                                  )
              Plaintiffs,          )
                                  )
        v.                         )   C.A. No. 20-1544 (CFC)
                                  )
ANGIODYNAMICS, INC.,               )
                                  )
              Defendant.           )

## [PROPOSED] SCHEDULING ORDER

This *3rd* day of ~~March~~ *April* 2023, the parties having determined after discussion

that the matter cannot be resolved at this juncture by settlement, voluntary mediation,

or binding arbitration:

IT IS ORDERED that:

1.     The above-captioned cases are consolidated for pretrial purposes.

2.     This Scheduling Order is based on the assertion of U.S. Patent Nos. 7,947,022 ("the '022 patent"); 7,785,302 ("the '302 patent); 7,959,615, against AngioDynamics, Inc. ("Angio"), and the '022 patent and the '302 patent against Smiths Medical ASD, Inc. ("Smiths").

3.     <u>Relevant Deadlines and Dates</u>.   All relevant deadlines and dates established by this Order are set forth in the chart attached as Exhibit A.

4.     <u>Rule 26(a)(l) Initial Disclosures.</u>   The parties made their initial disclosures required by Federal Rule of Civil Procedure 26(a)(l) on March 30, 2021.

5.     <u>Disclosure of Asserted Claims and Infringement Contentions.</u>   Bard served its Disclosure of Asserted Claims and Infringement Contentions on April 29, 2021.

6.     <u>Document Production Accompanying Disclosure of Asserted Claims and Infringement Contentions</u>.  Bard served its document production accompanying the disclosure of asserted claims and infringement contentions.

7.     <u>Invalidity Contentions</u>.   Defendants served invalidity contentions on July 2, 2021.

8.     <u>Document   Production   Accompanying   Invalidity   Contentions.</u> Defendants served document productions accompanying invalidity contentions.

9.   Final Infringement Contentions (Angio Action):   No later than [Plaintiffs' Proposal: July 7, 2023] [Angio's Proposal: August 11, 2023], Plaintiffs shall serve their Final Infringement Contentions.

10.   Final Infringement Contentions (Smiths Action):  No later than August 11, 2023, Plaintiffs shall serve their Final Infringement Contentions.

11.   Final Invalidity Contentions (Angio Action):  No later than [Plaintiffs' Proposal: July 7, 2023] [Angio's Proposal: August 11, 2023], Angio shall serve its Final Invalidity Contentions.

12.   Final Invalidity Contentions (Smiths Action):   No later than August 11, 2023, Smiths shall serve its Final Invalidity Contentions.

13.   Amendment to Contentions.  Other than as provided in paragraphs 9 and 10, Amendment of the Infringement Contentions or the Invalidity Contentions may be made only by order of the Court upon a timely showing of good cause.  Non-exhaustive examples of circumstances that may, absent undue prejudice to the non-moving party, support a finding of good cause include (a) recent discovery of material prior art despite earlier diligent search and (b) recent discovery of nonpublic information about the Accused Instrumentality that was not discovered, despite diligent efforts, before the service of the Infringement Contentions.  The duty to supplement discovery responses does not excuse the need to obtain leave of the Court to amend contentions.

14.   <u>Joinder of Other Parties and Amendment of Pleadings</u>. [Plaintiffs'

position:  the Court's prior scheduling order (D.I. 216 (*Bard v. Angio*); D.I. 245

(*Bard v. Smiths*)) had a May 26, 2021 deadline for amendment of pleadings.  That

deadline already passed before the stay was entered, and Angio voluntarily withdrew

its motion to amend the pleadings in connection with its Rule 12(c) motion.  There

is no need to reopen the pleadings at this time given the fast-approaching deadlines

for claim construction briefing.] [Angio's position: All motions to join other parties,

or to amend or supplement the pleadings, shall be filed on or before May 26, 2023,

including any renewal of D.I. 224 (Angio's April 14, 2021 Motion for Leave to File

Amended Answer and Counterclaims under Rule 15(a)(2)), which was withdrawn

without prejudice at D.I. 249 in view of the invalidity decision in *C.R. Bard, Inc. v.*

*Medical Components, Inc.*, No. 2:12-cv-00032-RJS-DAO (D. Utah).].

15.   <u>Discovery</u>.

(a)   [Plaintiff's Proposal: Discovery Cut Off (Angio Action).  All discovery

in this case shall be initiated so that it will be completed on or before

July 21, 2023] [Angio's Proposal: (Both Actions): Except as to

discovery directed to Smiths, all discovery in the above-captioned cases

(including joint discovery served on Plaintiffs by Angio and Smiths),

shall be initiated so that it will be completed on or before

~~September 8, 2023. All discovery directed to Smiths shall be completed on or before September 15, 2023.]~~

(b)  Discovery Cut Off (Smiths Action).  All discovery in this case shall be initiated so that it will be completed on or before September 15, 2023.

(c)  Document Production (Angio Action).  Document production shall be completed on or before [Plaintiffs' Proposal: June 2, 2023] [Angio's ~~Proposal: July 17, 2023; however, Smiths shall have until August 7, 2023 to produce documents (*e.g.*, those relating to prior art) pursuant to requests~~ served by either Bard or Angio.].

(d)  Document Production (Smiths Action).  Plaintiffs' document production shall be completed on or before June 2, 2023.  Smiths' document production shall be completed on or before August 7, 2023.

(e)  Requests for Admission.  A maximum of 75 requests for admission directed to each Defendant are permitted for Plaintiffs; a maximum of 75 requests for admission are permitted for each Defendant.

(f)  Interrogatories.  Plaintiffs collectively may serve a maximum of 40 interrogatories, including contention interrogatories; Defendants collectively may serve a maximum of 40 interrogatories.

1) Plaintiffs may serve up to fifteen (15) individual interrogatories on each Defendant, and Plaintiffs may serve up to ten (10) additional

5

interrogatories on all Defendants collectively. To the extent that an interrogatory is served on Defendants collectively, that interrogatory shall count as one (1) interrogatory even if multiple parties provide distinct responses.

2) Defendants collectively may serve up to ten (10) joint interrogatories on Plaintiffs collectively; and each Defendant may serve up to fifteen (15) individual interrogatories on Plaintiffs collectively. To the extent that an interrogatory is served on Plaintiffs collectively, that interrogatory shall count as one (1) interrogatory.

(g)  <u>Depositions</u>.

(1)  <u>Limitation on Hours for Deposition Discovery</u>.  Plaintiffs are limited to a total of 100 hours of deposition testimony (excluding expert testimony and third party testimony); Defendants collectively are limited to a total of 100 hours of deposition testimony (excluding expert testimony and third party testimony).

(2)  <u>Location of Depositions.</u>  Any party or representative (officer, director, or managing agent) of a party filing a civil action in this District Court must ordinarily be required, upon request, to submit to a deposition at a place designated within this District. Exceptions to this general rule may be made by order of the Court or by

agreement of the parties.    A defendant who becomes a counterclaimant, cross-claimant, or third-party plaintiff shall be considered as having filed an action in this Court for the purpose of this provision.

16.    <u>Pinpoint Citations</u>.    Pinpoint citations are required in all briefing, letters, and concise statements of facts.  The Court will ignore any assertions of controverted facts and controverted legal principles not supported by a pinpoint citation to, as applicable: the record, an attachment or exhibit, and/or case law or appropriate legal authority. *See United States v. Dunkel, 921* F.2d 955,956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs.").

17.    <u>Application to Court for Protective Order</u>.    The Court entered a Protective Order in these actions on April 15, 2021.

18.    <u>Disputes Relating to Discovery Matters and Protective Orders</u>.  Should counsel find that they are unable to resolve a dispute relating to a discovery matter or protective order, the parties shall contact the Court's Case Manager to schedule an in-person conference/argument.

(a)    Unless otherwise ordered, by no later than 72 hours prior to the conference/argument, the party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and the party's position on those issues.    The party shall submit as

attachments to its letter (1) an averment of counsel that the parties made a reasonable effort to resolve the dispute and that such effort included oral communication that involved Delaware counsel for the parties, and (2) a draft order for the Court's signature that identifies with specificity the relief sought by the party.  The party shall file concurrently with its letter a motion that in no more than one paragraph sets forth the relief sought.

(b)     By no later than 48 hours prior to the conference/argument, any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's reasons for its opposition.

(c)     Two hard copies of the parties' letters and attachments must be provided to the Court within one hour of e-filing the document(s).  The hard copies shall comply with paragraphs 14 and 18 of this Order.

(d)     If a motion concerning a discovery matter or protective order is filed without leave of the Court and does not comport with the procedures set forth in this paragraph, the motion will be denied without prejudice to the moving party's right to bring the dispute to the Court through the procedures set forth in this paragraph.

19.     <u>Papers Filed Under Seal</u>.  When filing papers under seal, counsel shall deliver to the Clerk an original and two copies of the papers.  A redacted version of

any sealed document shall be filed electronically within seven days of the filing of the sealed document.

20.   <u>Hard Copies</u>.  The parties shall provide to the Court two hard copies of all letters filed pursuant to paragraph 16 of this Order, all briefs, and any other documents filed in support of any such letters and briefs (i.e., the concise statement of facts filed pursuant to paragraph 24 of this Order, appendices, exhibits, declarations, affidavits, etc.).  This provision also applies to papers filed under seal.

    (a)   <u>Exhibits and Attachments</u>.  Each exhibit and attachment to a letter, brief, or pretrial order shall be separated by a tab.  (Accordingly, each brief filed in connection with a motion *in limine* in a pretrial order must be separated by a tab.)  Each exhibit and attachment shall have page numbers of some sort such that a particular page of an exhibit or attachment can be identified by a page number.  The parties shall take all practical measures to avoid filing multiple copies of the same exhibit or attachment.  The parties should highlight the text of exhibits and attachments they wish the Court to read.  The parties are encouraged to include in an exhibit or attachment only the pages of the document in question that (1) identify the document (e.g., the first page of a deposition transcript or the cover page of a request for discovery) and (2) are relevant to the issue(s) before the Court.

(b)  <u>Colors of Front Covers</u>.  The covers of briefs filed in connection with all motions except for motions *in limine* included in a pretrial order shall be as follows:

(1)  Opening brief - Blue

(2)  Answering brief-Red

(3)  Reply brief - Gray

21.  <u>Claim Construction Issue Identification</u>.  On or before March 24, 2023, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction and their proposed claim construction(s) of those term(s)/phrase(s).  This document will not be filed with the Court.

Subsequent to exchanging that list, the parties will meet and confer to prepare a Joint Claim Construction Chart to be filed no later than March 31 2023.  The Joint Claim Construction Chart, in Word format, shall be e-mailed simultaneously with filing to cfc_civil@ded.uscourts.gov.  The text for the Joint Claim Construction Chart shall be 14-point and in Times New Roman or a similar typeface.  The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions.  A separate text-searchable PDF of each of the patent(s) in issue shall be submitted with this Joint Claim Construction Chart.  In

this joint submission, the parties shall not provide argument. Each party shall file concurrently with the Joint Claim Construction Chart a "Motion for Claim Construction" that requests the Court to adopt the claim construction position(s) of that party set forth in the Joint Claim Construction Chart. The motion shall not contain any argument and shall simply state that the party "requests that the Court adopt the claim construction position[s] of [the party] set forth in the Joint Claim Construction Chart (D.I. [   ])."

22.   <u>Claim Construction Briefing</u>. Plaintiffs shall serve, but not file, their opening brief, not to exceed 5,500 words, on April 21, 2023. Defendants shall serve, but not file, their answering brief, not to exceed 8,250 words, on May 12, 2023. Plaintiffs shall serve, but not file, their reply brief, not to exceed 5,500 words, on May 26, 2023. Defendants shall serve, but not file, their sur-reply brief, not to exceed 2,750 words, on June 9, 2023. The text for each brief shall be 14-point and in Times New Roman or a similar typeface.

Each brief must include a certification by counsel that the brief complies with the type and number limitations set forth above. The person who prepares the certification may rely on the word count of the word-processing system used to prepare the brief.

No later than June 21, 2023, the parties shall file a Joint Claim Construction Brief. (Should the parties later stipulate or otherwise request to have this deadline

extended, the parties will presumptively lose their claim construction hearing date upon the Court's granting the extension.)  The parties shall copy and paste their untitled briefs into one brief, with their positions on each claim term in sequential order, in substantially the form below.

## JOINT CLAIM CONSTRUCTION BRIEF

I.      Agreed-upon Constructions

II.     Disputed Constructions

      A.      [TERM 1]
            1.      Plaintiffs' Opening Position
            2.      Defendants' Answering Position
            3.      Plaintiffs' Reply Position
            4.      Defendants' Sur-Reply Position

      B.      [TERM2]

            1.      Plaintiffs' Opening Position
             2.      Defendants' Answering Position
             3.      Plaintiffs' Reply Position
             4.      Defendants' Sur-Reply Position

Etc.  The parties need not include any general summaries of the law relating to claim construction.  If there are any materials that would be submitted in an appendix, the parties shall submit them in a Joint Appendix.  Citations to intrinsic evidence shall be set forth in the Joint Claim Construction Brief.  Citations to expert declarations and other extrinsic evidence may be made in the Joint Claim Construction Brief as the parties deem necessary, but the Court will review such extrinsic evidence only if

the Court is unable to construe the disputed claim terms based on the intrinsic evidence. *See Vitronics Corp. v. Conceptronic, Inc.,* 90 F .3d 1576, 1584 (Fed. Cir. 1996).  Declarations shall not contain legal argument or be used to circumvent the briefing word limitations imposed by this paragraph.  The Joint Claim Construction Brief and Joint Appendix shall comply with paragraphs 14 and 18 of this Order.

23.  <u>Meet and Confer Confirmation and Amended Claim Chart</u>.  On or before June 30, 2023, Delaware and lead counsel for the parties shall meet and confer and thereafter file an Amended Joint Claim Construction Chart that sets forth the terms that remain in dispute.  During the meet and confer, the parties shall attempt to reach agreement on any disputed terms where possible and to narrow the issues related to the remaining disputed terms.  The parties shall file with the Amended Joint Claim Construction Chart a letter that identifies by name each individual who participated in the meet and confer, when and how (i.e., by telephone or in person) the meet and confer occurred, and how long it lasted.  If no agreements on constructions have been reached or if no dispute has been narrowed as a result of the meet and confer, the letter shall so state, and the parties need not file an Amended Joint Claim Construction Chart.

24.  <u>Hearing on Claim Construction</u>.  Beginning at 9 a.m. on July 19, 2023, the Court will hear argument on claim construction.  Absent prior approval of the Court (which, if it is sought, must be done by joint letter submission no later than

the date on which answering claim construction briefs are due to be served), the

parties shall not present testimony at the argument, and the argument shall not

exceed a total of three hours.

    25.   Disclosure of Expert Testimony.

(a)   Expert Reports (Angio Action). For the party with the initial burden of

proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure

of expert testimony is due on or before [Plaintiffs' Proposal: August

18, 2023] [Angio's Proposal: September 22, 2023]. The supplemental

disclosure to contradict or rebut evidence on the same matter identified

by another party is due on or before [Plaintiffs' Proposal: September

15, 2023] [Angio's Proposal: October 20, 2023]. Reply expert reports

from the party with the initial burden of proof are due on or before

[Plaintiffs' Proposal:   September 29, 2023] [Angio's Proposal:

November 3, 2023]. No other expert reports will be permitted without

either the consent of all parties or leave of the Court. Along with the

submissions of the expert reports, the parties shall provide the dates and

times of their experts' availability for deposition. Depositions of

experts shall be completed on or before [Plaintiffs' Proposal: October

27, 2023] [Angio's Proposal: November 22, 2023].

(b)   <u>Expert Reports (Smiths Action)</u>.  For the party with the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before September 29, 2023. The supplemental disclosure to contradict or rebut evidence on the same matter identified by another party is due on or before November 10, 2023.  Reply expert reports from the party with the initial burden of proof are due on or before December 15, 2023.  No other expert reports will be permitted without either the consent of all parties or leave of the Court.  Along with the submissions of the expert reports, the parties shall provide the dates and times of their experts' availability for deposition.  Depositions of experts shall be completed on or before January 19, 2024.

(c)   [Plaintiffs' Proposal:  Election of Advice of Counsel Defense (Angio Action). To the extent Angio intends to rely on an advice of counsel defense to willful infringement, Angio must elect whether to rely on an advice of counsel defense and produce related documents on or before June 30, 2023.  Discovery regarding advice of counsel shall be completed on or before the completion of fact discovery.]  [Angio's proposal: There is no need to include such a deadline given the Court's comments at the scheduling conference.]

(d)     Election of Advice of Counsel Defense (Smiths Action). To the extent
        Smiths intends to rely on an advice of counsel defense to willful
        infringement, Smiths must elect whether to rely on an advice of counsel
        defense and produce related documents on or before August 18, 2023.
        Discovery regarding advice of counsel shall be completed on or before
        the completion of fact discovery.

(e)     Objections to Expert Testimony.  To the extent any objection to expert
        testimony is made pursuant to the principles announced in *Daubert v.
        Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993), as
        incorporated in Federal Rule of Evidence 702, it shall be made by
        motion no later than the deadline for dispositive motions set forth
        herein, unless otherwise ordered by the Court.

26.     Case Dispositive and *Daubert* Motions.

(a)     No Early Motions Without Leave (Angio Action).  All case dispositive
        motions and the opening briefs and affidavits supporting such motions
        shall be served and filed on or before [Plaintiffs' Proposal: November
        10, 2023] [Angio's Proposal: December 6, 2023]. No case dispositive
        motion under Rule 56 may be filed more than ten days before this date
        without leave of the Court.  Opposition briefs shall be served and filed
        on or before [Plaintiffs' Proposal:  December 1, 2023] [Angio's

Proposal: December 20, 2023]. Reply briefs shall be served or filed on or before [Plaintiffs' Proposal: December 15, 2023] [Angio's Proposal: January 3, 2024]. Should the parties later stipulate or otherwise request to have the reply brief deadline extended, the parties will lose their trial date upon the Court's granting the extension, and no new trial date will be given until the dispositive motion(s) has(have) been decided.

(b)     <u>No Early Motions Without Leave (Smiths Action)</u>.  All case dispositive motions and the opening briefs and affidavits supporting such motions shall be served and filed on or before February 9, 2024.  No case dispositive motion under Rule 56 may be filed more than ten days before this date without leave of the Court.  Opposition briefs shall be served and filed on or before March 8, 2024.  Reply briefs shall be served or filed on or before March 22, 2024.  Should the parties later stipulate or otherwise request to have the reply brief deadline extended, the parties will lose their trial date upon the Court's granting the extension, and no new trial date will be given until the dispositive motion(s) has(have) been decided.

(c)     <u>Motions to Be Filed Separately</u>.  A party shall not combine into a single motion multiple motions that rely in whole or in part on different facts.

(d) <u>Word Limits</u>. Each party is permitted to file as many case dispositive motions as desired, provided, however, that each SIDE will be limited to a combined total of 10,000 words for all opening briefs, a combined total of 10,000 words for all answering briefs, and a combined total of 5,000 words for all reply briefs, regardless of the number of case dispositive motions that are filed. In the event that a party files, in addition to a case dispositive motion, a *Daubert* motion to exclude or preclude all or any portion of an expert's testimony, the total amount of words permitted for all case dispositive and *Daubert* motions shall be increased for each SIDE to 12,500 words for all opening briefs, 12,500 words for all answering briefs, and 6,250 words for all reply briefs. The text for each brief shall be 14-point and in Times New Roman or a similar typeface. Each brief must include a certification by counsel that the brief complies with the type and number limitations set forth above. The person who prepares the certification may rely on the word count of the word-processing system used to prepare the brief.

(e) <u>Ranking of Summary Judgment Motions</u>. A party that files more than one summary judgment motion shall number each motion to make clear the order in which the party wishes the Court to consider the motions in question. The first motion the party wishes the Court to consider

shall be designated # 1, the second motion shall be designated #2, and so on. The Court will review the party's summary judgment motions in the order designated by the party. If the Court decides to deny a motion filed by the party, barring exceptional reasons determined sua sponte by the Court, the Court will not review any further summary judgment motions filed by the party.

(f)     Ranking of *Daubert* Motions. A party that files more than one *Daubert* motion shall number each motion to make clear the order in which the party wishes the Court to consider the motions in question. The first motion the party wishes the Court to consider shall be designated # 1, the second motion shall be designated #2, and so on. The Court will review the party's *Daubert* motions in the order designated by the party. If the Court decides to deny a motion filed by the party, barring exceptional reasons determined sua sponte by the Court, the Court will not review any further *Daubert* motions filed by the party. If the Court denies a *Daubert* motion and the party that brought the motion does not cross examine the expert witness at trial about the matters raised in the *Daubert* motion, the Court will reduce by an appropriate amount the time allotted to that party at trial.

(g) <u>Concise Statement of Facts Requirement</u>.  Any motion for summary judgment shall be accompanied by a separate concise statement detailing each material fact as to which the moving party contends that there are no genuine issues to be tried that are essential for the Court's determination of the summary judgment motion (not the entire case).[1] A party must submit a separate concise statement of facts for each summary judgment motion.  Any party that opposes the motion shall file and serve with its opposing papers a separate document containing a single concise statement that admits or disputes the facts set forth in the moving party's concise statement, as well as sets forth all material facts as to which it is contended that there exists a genuine issue necessary to be litigated.

(h) <u>Focus of the Concise Statement</u>.  When preparing the separate concise statement, a party shall reference only the material facts that are absolutely necessary for the Court to determine the limited issues presented in the motion for summary judgment (and no others), and each reference shall contain a citation to a particular affidavit, deposition, or other document that supports the party's interpretation of

---

[1]   The party must detail each material/act in its concise statement of facts.   The concise statements of facts play an important gatekeeping role in the Court's consideration of summary judgment motions.

the material fact.  Documents referenced in the concise statement may, but need not, be filed in their entirety if a party concludes that the full context would be helpful to the Court (e.g., a deposition miniscript with an index stating what pages may contain key words may often be useful).  The concise statement shall particularly identify the page and portion of the page of the document referenced.  The document referred to shall have relevant portions highlighted or otherwise emphasized.  The parties may extract and highlight the relevant portions of each referenced document, but they shall ensure that enough of a document is attached to put the matter in context.  If a party determines that an entire deposition transcript should be submitted, the party should consider whether a miniscript would be preferable to a full-size transcript.  If an entire transcript is submitted, the index of terms appearing in the transcript must be included, if it exists.  When multiple pages from a single document are submitted, the pages shall be grouped in a single exhibit.  Concise statements of fact shall comply with paragraphs 14 and 18 of this Order.

(i)   <u>Word Limits for Concise Statement</u>.  The concise statement in support of or in opposition to a motion for summary judgment shall be no longer than 1,750 words.  The text for each statement shall be 14-point and in

Times New Roman or a similar typeface.  Each statement must include a certification by counsel that the statement complies with the type and number limitations set forth above.  The person who prepares the certification may rely on the word count of the word-processing system used to prepare the statement.

(j)     <u>Affidavits and Declarations</u>.  Affidavits or declarations setting forth facts and/or authenticating exhibits, as well as exhibits themselves, shall be attached only to the concise statement (i.e., not briefs).

(k)     <u>Scope of Judicial Review</u>.  When resolving motions for summary judgment, the Court shall have no independent duty to search and consider any part of the record not otherwise referenced in the separate concise statements of the parties.  Further, the Court shall have no independent duty to review exhibits in their entirety, but rather the Court will review only those portions of the exhibits specifically identified in the concise statements.  Material facts set forth in the moving party's concise statement will be deemed admitted unless controverted by a separate concise statement of the opposing party.

27.     <u>Applications by Motion</u>.  Except as otherwise specified herein, any application to the Court shall be by written motion.  Any non-dispositive motion should contain the statement required by Local Rule 7.1.1.

28.   <u>Pretrial Conference (Angio Action)</u>.  The Court will hold a Rule 16(e) final pretrial conference in court with counsel beginning at 3 p.m. on April 3, 2024. The parties shall file a joint proposed final pretrial order in compliance with Local Rule 16.3(c) no later than 5:00 p.m. on March 13, 2024.  Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d) for the preparation of the proposed joint final pretrial order.  The joint pretrial order shall comply with paragraphs 14 and 18 of this Order.

29.   <u>Pretrial Conference (Smiths Action)</u>.  The Court will hold a Rule 16(e) final pretrial conference in court with counsel beginning at _3_ _p_.m. on June _18_, 2024.  The parties shall file a joint proposed final pretrial order in compliance with Local Rule 16.3(c) no later than 5:00 p.m. on _May 23,_ _2024_ (21 days before the pretrial conference).  Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d) for the preparation of the proposed joint final pretrial order.  The joint pretrial order shall comply with paragraphs 14 and 18 of this Order.

30.   <u>Motions <i>in Limine</i></u>.  Motions <i>in limine</i> shall not be separately filed.  All <i>in limine</i> requests and responses thereto shall be set forth in the proposed pretrial order.  Each party shall be limited to three <i>in limine</i> requests, unless otherwise permitted by the Court.  Each <i>in limine</i> request and any response shall contain the authorities relied upon; each <i>in limine</i> request may be supported by a maximum of

three pages of argument and may be opposed by a maximum of three pages of argument, and the party making the *in limine* request may add a maximum of one additional page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three-page submission (and, for the moving parties, a single one-page reply). No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court. Motions *in limine* shall comply with paragraphs 14 and 18 of this Order.

31.    Compendium of Cases.   A party may submit with any briefing two courtesy copies of a compendium of the selected authorities on which the party would like the Court to focus. The parties should not include in the compendium authorities for general principles or uncontested points of law (e.g., the standards for summary judgment or claim construction). An authority that is cited only once by a party generally should not be included in the compendium. An authority already provided to the Court by another party should not be included in the compendium. Compendiums of cases shall not be filed electronically with the Court, but a notice of service of a compendium of cases shall be filed electronically with the Court. Compendiums shall comply with paragraph 18 of this Order.

32.    Jury Instructions, Voir Dire, and Special Verdict Forms (Angio Action).   Where a case is to be tried to a jury, pursuant to Local Rules 47.1 (a)(2) and

51.1, the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms no later than 5:00 p.m. on March 13, 2023.  The parties shall submit simultaneously with filing each of the foregoing four documents in Word format to cfc_civil@ded.uscourts.gov.

33.    Jury Instructions, Voir Dire, and Special Verdict Forms (Smiths Action).  Where a case is to be tried to a jury, pursuant to Local Rules 47.l (a)(2) and 51.1, the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms no later than 5:00 p.m. on _May 23, 2024_ (2~~1 days before the pretrial conference~~).   The parties shall submit simultaneously with filing each of the foregoing four documents in Word format to cfc_civil@ded.uscourts.gov.

34.    Trial #1.  The Bard v. Angio matter is scheduled for a 5-day trial beginning at 8:30 a.m. on April 29, 2024 with the subsequent trial days beginning at 8:30 a.m.  Until the case is submitted to the jury for deliberations, the jury will be excused each day at 4:30 p.m.  The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.  The jury will be selected on April 26, 2024.

35.    Trial #2.  The Bard v. Smiths matter is scheduled for a 5-day trial beginning at 8:30 a.m. on July 15, 2024 with the subsequent trial days beginning at 8:30 a.m.  Until the case is submitted to the jury for deliberations, the jury will be

excused each day at 4:30 p.m.  The trial will be timed, as counsel will be allocated a total number of hours in which to present their respective cases.

36.  <u>Willfulness and Damages.</u>  Unless otherwise agreed to by the parties and the Court, the trial will be phased such that the issues of willful infringement and damages will be tried only if there is a finding of infringement.

_____
The Honorable Colm F. Connolly
Chief United States District Court Judge

## EXHIBIT A

| Event | Plaintiffs' Proposed Date in *Bard v. Angio* (C.A. No. 20-1544-CFC) | Angio's Proposed Date in the Consolidated Cases | Dates Agreed Upon by Bard and Smiths in *Bard v. Smiths* (C.A. No. 20-1543-CFC) |
|---|---|---|---|
| Final Infringement Contentions | July 7, 2023 | ~~August 11, 2023~~ | August 11, 2023 |
| Final Invalidity Contentions | ~~July 7, 2023~~ | August 11, 2023 | August 11, 2023 |
| Amendment of Pleadings | May 26, 2021 (D.I. 216) | May 26, 2023 | May 26, 2021 (D.I. 245) |
| Exchange List of Claim Term(s)/Phrase(s) and proposed constructions | March 24, 2023 | March 24, 2023 | March 24, 2023 |
| Joint Claim Construction Chart | March 31, 2023 | March 31, 2023 | March 31, 2023 |
| Opening Claim Construction Brief (Plaintiffs) | April 21, 2023 | April 21, 2023 | April 21, 2023 |
| Answering Claim Construction Brief(Defendants) | May 12, 2023 | May 12, 2023 | May 12, 2023 |
| Reply Claim Construction Brief (Plaintiffs) | May 26, 2023 | May 26, 2023 | May 26, 2023 |
| Sur-Reply Claim Construction Brief(Defendants) | June 9, 2023 | June 9, 2023 | June 9, 2023 |
| Joint Claim Construction Brief | June 21, 2023 | June 21, 2023 | June 21, 2023 |

| Event | Plaintiffs' Proposed Date in *Bard v. Angio* (C.A. No. 20-1544-CFC) | Angio's Proposed Date in the Consolidated Cases | Dates Agreed Upon by Bard and Smiths in *Bard v. Smiths* (C.A. No. 20-1543-CFC) |
|---|---|---|---|
| Meet and Confer on Claim Construction on or before | June 30, 2023 | June 30, 2023 | June 30, 2023 |
| Claim Construction Hearing | July 19, 2023 | July 19, 2023 | July 19, 2023 |
| Substantial Completion of Document Production | June 2, 2023 | July 17, 2023 * <br><br> * Smiths shall have until August 7, 2023 to produce documents (*e.g.*, those relating to prior art) pursuant to requests served by either Bard or Angio. | Document Production By Bard: June 2, 2023 <br><br> Document Production By Smiths:  August 7, 2023 |
| Disclosure of intent to rely on advice of counsel | June 30, 2023 | | August 18, 2023 |
| Fact Discovery Cutoff | July 21, 2023 | September 8, 2023 (all parties but Smiths) | September 15, 2023 |
| Opening Expert Reports | August 18, 2023 | September 22, 2023 | September 29, 2023 |
| Rebuttal Expert Reports | September 15, 2023 | October 20, 2023 | November 10, 2023 |
| Reply Expert Reports | September 29, 2023 | November 3, 2023 | December 15, 2023 |

| Event | Plaintiffs' Proposed Date in *Bard v. Angio* (C.A. No. 20-1544-CFC) | Angio's Proposed Date in the Consolidated Cases | Dates Agreed Upon by Bard and Smiths in *Bard v. Smiths* (C.A. No. 20-1543-CFC) |
|---|---|---|---|
| Completion of Expert Discovery | October 27, 2023 | November 22, 2023 | January 19, 2024 |
| Case Dispositive Motions/Dauberts | November 10, 2023 | December 6, 2023 | February 9, 2024 |
| Oppositions to Dispositive Motions and Dauberts | December 1, 2023 | December 20, 2023 | March 8, 2024 |
| Replies in Support of Dispositive Motions and Dauberts | December 15, 2023 | January 3, 2024 | March 22, 2024 |
| Proposed Final Pretrial Order | March 13, 2024 | March 13, 2024 | 21 days before pretrial conference May 23, 2024 |
| Jury Instructions, Voir Dire and Special Verdict Forms | March 13, 2024 | March 13, 2024 | 21 days before pretrial conference May 23, 2024 |
| Pretrial conference | April 3, 2024 | April 3, 2024 | June 18, 2024 |
| Trial  (5 days) | April 29, 2024 | April 29, 2024 | July 15, 2024 |