IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| C.R. BARD, INC. and BARD PERIPHERAL VASCULAR, INC., | ) ) REDACTED - PUBLIC VERSION ) |
| Plaintiffs, | ) C.A. No. 20-1544 (CFC) ) |
| v. | ) ) |
| ANGIODYNAMICS, INC., | ) ) |
| Defendant. | ) ) |

**BARD'S OPENING BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT NO. 1: THAT THE ASSERTED CLAIMS ARE PATENT ELIGIBLE UNDER 35 U.S.C. § 101**

OF COUNSEL:

Steven C. Cherny
Lauren Martin
Elizabeth M. Kelly
QUINN EMANUEL URQUHART
  & SULLIVAN, LLP
111 Huntington Avenue, Suite 520
Boston, MA 02199
(617) 712-7100

Matthew A. Traupman
QUINN EMANUEL URQUHART
  & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
(212) 849-7000

November 20, 2023

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Brian P. Egan (#6227)
Cameron P. Clark (#6647)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899-1347
(302) 658-9200
jblumenfeld@morrisnichols.com
began@morrisnichols.com
cclark@morrisnichols.com

*Attorneys for Plaintiffs C.R. Bard, Inc. and Bard Peripheral Vascular, Inc.*

# TABLE OF CONTENTS

**Page**

I. NATURE AND STAGE OF THE PROCEEDINGS ..........................................1
II. SUMMARY OF THE ARGUMENT ...................................................................1
III. ARGUMENT .........................................................................................................1
IV. CONCLUSION .....................................................................................................5

## **TABLE OF AUTHORITIES**

**Page**

### **Cases**

*C.R. Bard Inc. et al., v. AngioDynamics, Inc.*,
  No. 1:15-cv-00218, (D. Del., filed Mar. 10, 2015) ...............................................4

*C.R. Bard, Inc. v. AngioDynamics, Inc.*,
  748 F. App'x 1009 (Fed. Cir. 2018) ................................................................1, 2

*C.R. Bard Inc. v. AngioDynamics, Inc.*,
  979 F.3d 1372 (Fed. Cir. 2020) .......................................................................2, 3

*C.R. Bard Inc., v. AngioDynamics, Inc.*,
  No. 19-1756 D.I. 76 (Fed. Cir., Dec. 10, 2020) ....................................................3

*C.R. Bard, Inc. v. Med. Components, Inc.*,
  2023 WL 2064163 (Fed. Cir. Feb. 17, 2023) ..........................................1, 2, 3, 4

*Int'l Bus. Mach., Inc. v. Zillow Grp., Inc.*,
  50 F.4th 1371 (Fed. Cir. 2022) ............................................................................1

### **Statutes**

35 U.S.C. § 101 ...............................................................................1, 2, 3, 4, 5

I.  **NATURE AND STAGE OF THE PROCEEDINGS**

Bard filed this case on January 11, 2012, asserting infringement of U.S. Patent Nos. 7,785,302; 7,947,022; and 7,959,615. The case was transferred to this Court on November 18, 2020. Fact discovery closed on August 29, 2023, and expert discovery was completed on November 6, 2023. Trial is scheduled to begin on April 29, 2024.

II.  **SUMMARY OF THE ARGUMENT**

The Federal Circuit has held that "the asserted claims in Bard's three patents are directed to eligible subject matter under § 101." *C.R. Bard, Inc. v. Med. Components, Inc.*, 2023 WL 2064163, at *1 (Fed. Cir. Feb. 17, 2023) ("*MedComp*"), Ex. 2. Despite that holding, Angio continues to argue that the asserted claims are ineligible under § 101. "[P]atent eligibility under §101 is a question of law…," *Int'l Bus. Mach., Inc. v. Zillow Grp., Inc.*, 50 F.4th 1371, 1377 (Fed. Cir. 2022), and the Court of Appeals already has resolved it. Summary judgment of patent eligibility is warranted.

III.  **ARGUMENT**

    A.  **The Asserted Patents**

The asserted "claims cover power injectable ports." *C.R. Bard, Inc. v. AngioDynamics, Inc.*, 748 F. App'x 1009, 1016 (Fed. Cir. 2018). Power injectable ports differ from "regular access ports" which "are not manufactured to withstand high-pressure injections." *Id.* at 1011. "Power injecting a non-power injectable port

1

can cause the port to fracture while in the patient's body, leading to serious bodily injury or even death." *Id.* at 1012. Because ports are implanted subcutaneously and "power injecting a non-power injectable port can cause serious injury or death," it is imperative that medical professionals be able to discern the difference between the two different classes of ports. That is a primary focus of the asserted claims. *Id.* at 1016 ("Distinguishing between the two types of ports is the crux of what the patents claim."). In that regard, "[t]he patents generally describe access ports having 'at least one identifiable characteristic that may be sensed or otherwise determined subsequent to subcutaneous implantation.'" *Id.* at 1012. One such characteristic is a "radiopaque marker." *MedComp*, 2023 WL 2064163, at *2.

### B.   The *AngioDynamics* Decision

In 2015, Bard sued Angio for infringement of three other patents, which—like the patents at issue here—claim power injectable ports with radiopaque markers that identify the port as power injectable. *C.R. Bard Inc. v. AngioDynamics, Inc.*, 979 F.3d 1372, 1375-76 (Fed. Cir. 2020) ("*AngioDynamics*"). During trial, the court *sua sponte* raised and granted judgment as a matter of law on eligibility and invalidated all three patents under § 101. *Id.* at 1378.

On appeal, the Federal Circuit reversed and held that the claims at issue "are patent eligible under 35 U.S.C. § 101." *Id.* at 1375, UF at No. 3. The Court held that the claims "recite an assembly, system, or method for identifying a vascular

2

access port as power injectable using multiple means for conveying the device's functionality including, specifically, a radiographic marker." *Id.* at 1384. Accordingly, the claims were patent eligible because they were not focused "solely on the content of the information conveyed, but also on the means [the radiographic marker] by which that information is conveyed."[1] *Id.*

In view of these features, the Federal Circuit concluded that "each claim as a whole is patent eligible." *Id*. at 1381, UF at No. 3.

### C.   The *MedComp* Decision

Despite the holding in *AngioDynamics*, the District of Utah granted summary judgment that the claims asserted in this action were patent ineligible. The Federal Circuit reversed. UF at No. 2. The Court explained that Bard's patents were "substantially similar" to those at issue in *AngioDynamics*, and presented "the exact same question" regarding eligibility under § 101. *Id*. at *2, UF at No. 2. Accordingly, the Federal Circuit held that "the asserted claims in Bard's three patents are directed to eligible subject matter under § 101." *MedComp*, 2023 WL 2064163, at *1, UF at No. 2.

---

[1] After the Court of Appeals held that the asserted claims were patent eligible, Angio petitioned for rehearing noting that the panel decision "preclud[ed] AngioDynamics from raising its ineligibility defense at trial." *C.R. Bard Inc., v. AngioDynamics, Inc.,* No. 19-1756 D.I. 76 (Fed. Cir. Dec. 10, 2020), at 4. That petition was denied. *Id.*, D.I. 77.

### D. Patent Eligibility Already Has Been Resolved

Undeterred by the *AngioDynamics* and *MedComp* decisions, AngioDynamics still contends that the asserted claims are invalid under Section 101. AngioDynamics has served two expert reports in which its experts (Dr. Vogelzang and Dr. Solar) opine that the asserted claims are directed to patent ineligible subject matter. Ex. 5, *see also* Ex. 4. But the Federal Circuit already resolved this issue. In *AngioDynamics,* the Federal Circuit concluded that claims to power injectable ports with identifiers are patent eligible, and in *MedComp*, the Federal Circuit held ***these exact claims*** to be patent eligible. UF at Nos 2-3. This Court is bound by the Federal Circuit's ruling that these claims are patent eligible as a matter of law. Thus, the Court should grant summary judgment on this already-decided issue.

Angio will likely point to Judge Bataillon's JMOL decision finding the claims at issue in *AngioDynamics* invalid under § 101. *C.R. Bard Inc. et al., v. AngioDynamics, Inc.,* No. 1:15-cv-00218, D.I. 449 (D. Del., Apr. 26, 2019). As noted above, however, patent eligibility is a question of law that the Federal Circuit already has decided. Its decisions are binding here. Indeed, before granting JMOL, Judge Bataillon noted that "[t]his Court is not free to disregard the Federal Circuit's explicit holding that the claims are not patent ineligible under § 101." *Id.*, D.I. 512 at 4.

4

## IV. CONCLUSION

Bard respectfully requests summary judgment that the asserted claims are patent eligible under 35 U.S.C. § 101.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jack B. Blumenfeld*

OF COUNSEL:

Steven C. Cherny
Lauren Martin
Elizabeth M. Kelly
QUINN EMANUEL URQUHART
   & SULLIVAN, LLP
111 Huntington Avenue, Suite 520
Boston, MA  02199
(617) 712-7100

Matthew A. Traupman
QUINN EMANUEL URQUHART
   & SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, NY  10010
(212) 849-7000

November 20, 2023

Jack B. Blumenfeld (#1014)
Brian P. Egan (#6227)
Cameron P. Clark (#6647)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
jblumenfeld@morrisnichols.com
began@morrisnichols.com
cclark@morrisnichols.com

*Attorneys for Plaintiffs C.R. Bard, Inc. and Bard Peripheral Vascular, Inc.*

5

## WORD COUNT CERTIFICATION

The undersigned counsel hereby certifies that the foregoing document contains 947 words, which were counted by using the word count feature in Microsoft Word, in 14-point Times New Roman font. The word count includes only the body of the brief. The word count does not include the cover page, tables of contents and authorities, or the counsel blocks.

/s/ *Jack B. Blumenfeld*

_____
Jack B. Blumenfeld (#1014)

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 20, 2023, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on November 20, 2023, upon the following in the manner indicated:

| | |
|---|---|
| David E. Moore, Esquire<br>Bindu A. Palapura, Esquire<br>Andrew L. Brown, Esquire<br>POTTER ANDERSON & CORROON LLP<br>Hercules Plaza, 6th Floor<br>1313 North Market Street<br>Wilmington, DE 19801<br>*Attorneys for Defendant AngioDynamics, Inc.* | *VIA ELECTRONIC MAIL* |
| John T. Moehringer, Esquire<br>Danielle V. Tully, Esquire<br>Michael B. Powell, Esquire<br>CADWALADER, WICKERSHAM & TAFT LLP<br>One World Financial Center<br>New York, NY 10281<br>*Attorneys for Defendant AngioDynamics, Inc.* | *VIA ELECTRONIC MAIL* |

Andrew J. Harris, Esquire  *VIA ELECTRONIC MAIL*
Deanna Thompson, Esquire
David A. Cole, Esquire
Catherine N. Taylor, Esquire
John T. Augelli, Esquire
Rikesh P. Patel, Esquire
CADWALADER, WICKERSHAM & TAFT LLP
200 Liberty Street
New York, NY  10281
*Attorneys for Defendant AngioDynamics, Inc.*

Emory Burns, Esquire  *VIA ELECTRONIC MAIL*
CADWALADER, WICKERSHAM & TAFT LLP
650 South Tyron Street
Charlotte, NC  28202
*Attorneys for Defendant AngioDynamics, Inc.*

/s/ *Jack B. Blumenfeld*
_____
Jack B. Blumenfeld (#1014)