# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| C.R. BARD, INC. and BARD PERIPHERAL VASCULAR, INC. )<br><br>    Plaintiff/Counterclaim-<br>    Defendants,<br><br>v.<br><br>ANGIODYNAMICS, INC.,<br><br>    Defendant/Counterclaim-<br>    Plaintiff. | C.A. No. 20-1544-CFC-SRF<br><br>PUBLIC VERSION |

### ANGIODYNAMICS'S ANSWERING BRIEF IN OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT OF ELIGIBILITY (MOTION NO. 1)

OF COUNSEL:

John T. Moehringer
Danielle V. Tully
Michael B. Powell
David A. Cole
John T. Augelli
Danielle V. Tully
Michael B. Powell
CADWALADER, WICKERSHAM
  & TAFT LLP
200 Liberty Street
New York, NY 10281
Tel: (212) 504-6000

Dated: December 7, 2023
Public Version Dated:
December 20, 2023
11200282 / 17409.00002

David E. Moore (#3983)
Bindu A. Palapura (#5370)
Andrew L. Brown (#6766)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
abrown@potteranderson.com

*Attorneys for Defendant/Counterclaim Plaintiff AngioDynamics, Inc.*

# **TABLE OF CONTENTS**

I. INTRODUCTION AND SUMMARY OF THE ARGUMENT......................1

II. STATEMENT OF THE LAW ........................................................................2

III. ARGUMENT..................................................................................................2

    1. Angio Relies on the Same Dispositive Ineligibility Theory from C.A. 15-218, Which the CAFC Will Take Up for the First Time in the Pending Appeal of that Case. ........................................................2

    2. The CAFC's Ineligibility Holdings Are Limited to Ineligibility Grounded in Printed Matter....................................................................4

        A. Bard Misinterprets the CAFC's Narrow Holdings About Printed-Matter Ineligibility. .......................................................5

        B. Bard May Not Expand the CAFC's Narrow Holdings Beyond the Issues Actually Decided on Review........................6

        C. The Case-Dispositive Theory of Ineligibility in the -218 Case Applies with Equal Force Here..................................................8

IV. CONCLUSION.............................................................................................10

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Berkheimer v. HP Inc.*,
   881 F.3d 1360 (Fed. Cir. 2018) ..........................................................................2

*C.R. Bard, Inc. v. AngioDynamics, Inc.*,
   979 F.3d 1372 (Fed. Cir. 2020) ................................................................*passim*

*C.R. Bard, Inc. v. Med. Components, Inc.*,
   No. 2023-1136, 2023 WL 2064163 (Fed. Cir. Feb 17, 2023).....................*passim*

*CardioNet, LLC v. InfoBionic, Inc.*,
   955 F.3d 1358 (Fed. Cir. 2020) ..........................................................................7

*CardioNet, LLC v. InfoBionic, Inc.*,
   No. 17-cv-10445, 2021 WL 1723847 (D. Mass. Apr. 30, 2021) .........................7

*Exxon Chem. Patents, Inc. v. Lubrizol Corp.*,
   137 F.3d 1475 (Fed. Cir. 1998) .......................................................................4, 6

*Momenta Pharm., Inc. v. Teva Pharm. USA Inc.*,
   809 F.3d 610 (Fed. Cir. 2015) .........................................................................4, 6

*SRI Int'l, Inc. v. Cisco Sys., Inc.*,
   930 F.3d 1295 (Fed. Cir. 2019) ..........................................................................9

*Talecris Biotherapeutics, Inc. v. Baxter Int'l Inc.*,
   510 F. Supp. 2d 356 (D. Del. 2007).....................................................................9

**Other Authorities**

Fed. R. Civ. P. 54, 56..................................................................................................2, 9

## I.     INTRODUCTION AND SUMMARY OF THE ARGUMENT

Bard's motion is premature and predicated on an improper expansion of a narrow holding by the CAFC. It should be denied for two reasons.

***First***, Bard asks for a definitive holding of patent eligibility, but neither this Court nor the CAFC has considered whether the claims are: (1) directed to the abstract idea of safely and reliably power injecting a port, and (2) recite no inventive concept. Only one court has—the court in C.A. 15-218—which held the substantially similar claims in that case ***patent ineligible*** on this basis.[1] This issue is currently on appeal, and the CAFC will soon address the merits, as well as the same non-merits arguments Bard makes here. Racing ahead of the CAFC—which is what Bard essentially asks this Court to do—invites inefficiency and inconsistency.

***Second***, the CAFC issued a narrow ruling—the claims are not directed *solely* to printed matter and thus are not ineligible under the printed matter doctrine. As other courts have held, the denial of ineligibility on one theory is not tantamount to a definitive ruling of eligibility on all unpresented theories. (*See* Section III.2.A-B, *infra*.) Here, in fact, Angio's theory of ineligibility tracks the dispositive one from the -218 case, which is different from the printed matter ineligibility theory

---

[1] *See* D.I. 300-1, Ex. 1 at 15–20.

previously addressed by the CAFC. The Court should thus reject Bard's attempt to dispose of this viable invalidity defense with arguments divorced from the merits.

## II. STATEMENT OF THE LAW

Summary judgment can only be granted where there is no genuine dispute of material fact. Fed. R. Civ. P. 56(a). Patent eligibility under §101 is a mixed question of law and fact. *Berkheimer v. HP Inc.*, 881 F.3d 1360, 1368 (Fed. Cir. 2018). At step two of the *Alice* inquiry, "whether a claim element or combination of elements is well-understood, routine and conventional to a skilled artisan in the relevant field is a question of fact." *Id.*

## III. ARGUMENT

### 1. Angio Relies on the Same Dispositive Ineligibility Theory from C.A. 15-218, Which the CAFC Will Take Up for the First Time in the Pending Appeal of that Case.

Angio asserts that the claims are ineligible because they are directed to the abstract idea of safety and reliability and contain no inventive concept. While Bard argues that this ineligibility theory was definitively rejected by the CAFC, the court in the -218 case granted JMOL on this very basis *after* the CAFC issued its printed matter eligibility rulings in 2020 and 2023.[2] The -218 case's ineligibility ruling—as

---

[2] *C.R. Bard, Inc. v. AngioDynamics, Inc.*, 979 F.3d 1372 (Fed. Cir. 2020) ("*AngioDynamics*"); *C.R. Bard, Inc. v. Med. Components, Inc.*, No. 2023-1136, 2023 WL 2064163 (Fed. Cir. Feb 17, 2023) (non-precedential) ("*MedComp*").

2

well as invalidity under §§102 and 112—is currently on appeal.[3] Bard is thus wrong that the "Federal Circuit has already resolved this issue"—it has never ruled on the ineligibility ground at issue here and in the -218 case. (D.I. 504 at 4.)

Bard's motion also invites inconsistency and inefficiency. The claims in this and the -218 case are substantially similar—so much so that Bard calls them "*in haec verba* the same."[4] Yet Bard now seeks to preclude Angio from raising a ground deemed dispositive of invalidity for one set of those *in haec verba* claims. As for practicality, the April 2024 trial before this Court will resolve all disputed issues, but Bard's appeal most likely will not be decided until several months later. In essence, Bard asks this Court to eliminate an issue right now, cutting off the availability of a merits adjudication, based on a non-merits rationale the CAFC could imminently reject. That is the opposite of judicial efficiency.

Bard's motion is thus prejudicial, premature, and inefficient. It should be denied on this basis alone.

---

[3] Only Bard's opening brief has been submitted so far and there is no date set for oral argument.

[4] *MedComp*, 2023 WL 2064163, at *2; Oral Argument at 00:08:27–00:08:55, *MedComp*, No. 22-1136 (Fed. Cir. Feb. 10, 2023), available at https://oralarguments.cafc.uscourts.gov/default.aspx?fl=22-136_02102023.mp3.

### 2. The CAFC's Ineligibility Holdings Are Limited to Ineligibility Grounded in Printed Matter.

The CAFC previously addressed a narrow issue: whether the claims here and in the -218 case are ineligible for being "solely" directed to printed matter. *MedComp*, 2023 WL 2064163, at *2; *AngioDynamics*, 979 F.3d at 1383-84. Its decisions and mandates "govern[] only that which was actually decided" and thus are not nearly as broad as Bard makes them seem.[5] *Exxon Chem. Patents, Inc. v. Lubrizol Corp.*, 137 F.3d 1475, 1478 (Fed. Cir. 1998) (holding that a determination by the district court of no literal infringement "did not dispose of [the] doctrine-of-equivalents infringement claim"); *see also, e.g.*, *Momenta Pharm., Inc. v. Teva Pharm. USA Inc.*, 809 F.3d 610, 619 (Fed. Cir. 2015) ("Because Momenta is not seeking to relitigate an issue that was already conclusively decided in *Momenta I*, law of the case does not apply.").

The CAFC has not considered whether either set of these *in haec verba* claims is directed to the abstract idea of safely and reliably power injecting a port and lack an inventive spark. Bard's error is thus two-fold: it improperly expands the CAFC's

---

[5] While Bard's brief does not specifically mention the mandate rule or the law of the case doctrine, it implicitly argues that the Court must grant summary judgment of eligibility based on the holdings in *AngioDynamics* and *MedComp*. But neither law of the case nor the mandate rule applies here.

4

narrow holding and requests that this Court deem eligible claims that are facially abstract and uninventive.

### A. Bard Misinterprets the CAFC's Narrow Holdings About Printed-Matter Ineligibility.

Bard premises its motion on the idea that, because the CAFC held the claims not ineligible under ***one specific theory*** tied to printed matter, they are eligible under ***all theories***—including those having nothing to do with the printed matter doctrine. The CAFC's holdings are not so broad.

For the claims in the -218 case, the CAFC held that "the focus of the claimed advance is not *solely* on the content of the information conveyed," and that "the asserted claims are not patent ineligible under §101 because the ***claims in their entireties are not solely directed*** to printed matter." *AngioDynamics*, 979 F.3d at 1384 (emphasis added). The CAFC also identified an open question at *Alice* step two as to whether the use of a radiographic feature was not an inventive concept. *Id.* The CAFC thus reversed-in-part and remanded.

For the claims here, the CAFC felt bound by this prior decision, reversing the district court's printed-matter-based ineligibility ruling "because the claims were not solely directed to non-functional printed matter[.]" *MedComp*, 2023 WL 2064163, at *2. As with the prior decision, in this non-precedential opinion did not address ineligibility under the theory Angio intends to present here.

5

As these opinions explain, both claim sets are not directed *solely* to printed matter and thus the printed matter does not alone render them ineligible. But they do not hold that the claims are generally eligible under *all theories*, let alone that they are not directed to the abstract idea of safety and reliability.

Indeed, Bard's interpretation would create a glaring loophole in the *Alice* doctrine—patentees could pursue abstract claims that include a printed matter limitation and, as long the claims are not directed *solely* to that limitation, they would be insulated from *Alice* scrutiny. That would undermine *Alice*'s prohibition against abstract claiming and transform the printed matter doctrine from a shield against overreach into a sword facilitating preemptively broad claims.

### B. Bard May Not Expand the CAFC's Narrow Holdings Beyond the Issues Actually Decided on Review.

Other cases illustrate that the CAFC's narrow holdings are not the broad pronouncements of eligibility Bard claims here. In *TEK Global, S.R.L. v. Sealant Systems International, Inc.*, for example, the CAFC held the district court incorrectly interpreted a prior CAFC decision in the case as "foreclos[ing] all obviousness theories" based on two prior art references. 920 F.3d 777, 784 (Fed. Cir. 2019). The same logic applies here: the decisions in *AngioDynamics* and *MedComp* do not foreclose *all* ineligibility theories, just ineligibility based on the conveyance of information under the printed matter doctrine. *See also Exxon*, 137 F.3d at 1478; *Momenta*, 809 F.3d at 620.

6

District courts have applied this principle to ineligibility. *CardioNet, LLC v. InfoBionic, Inc.*, 955 F.3d 1358 (Fed. Cir. 2020), is instructive. There, the CAFC reversed and remanded—***without*** vacating—the district court's grant of a Rule 12 motion to dismiss under §101. *Id.* at 1374. The CAFC reversed at *Alice* step one's abstractness inquiry because "nothing in the record" supported the district court's determination that "doctors long used the claimed diagnostic processes." *Id.* at 1370. On remand, the patentee moved under Rule 12(c) that—as a result of the CAFC decision—the patents were *eligible* under §101. *CardioNet, LLC v. InfoBionic, Inc.*, No. 17-cv-10445, 2021 WL 1723847, at *1 (D. Mass. Apr. 30, 2021). The district court rejected the argument that the CAFC decision "constituted a final adjudication of patent-eligibility."[6] *Id.* at *1–2. It instead ruled that the CAFC had only ruled against the patent challenger at *Alice* step one on a Rule 12 posture and a limited record. *Id.* at *2. The CAFC did not "*sua sponte* enter[] summary judgment against [the challenger] as to its §101 defense." *Id.* Nor did the CAFC do so here.

Just as the Rule 12 posture constrained the record in *CardioNet*, the postures in *MedComp* and *AngioDynamics* were inherently limited by the records of those cases, with *Medcomp* arising from a unique Utah rule about case-dispositive claim

---

[6] Like the *MedComp* opinion, the CAFC in *CardioNet* stated that "[t]he claims are patent eligible under §101." *CardioNet*, 955 F.3d at 1371.

7

construction issues, (D.I. 236-1 at 12), and *AngioDynamics* arising from an incomplete trial record that included no affirmative invalidity evidence, 979 F.3d at 1377–78. The CAFC's statement in *AngioDynamics* that the "evidence is not sufficient to establish [ineligibility] as a matter of law" thus reflected *AngioDynamics's* undeveloped record arising from its procedural posture. *AngioDynamics*, 979 F.3d at 1384. As in *CardioNet*, it is not a blanket holding of eligibility.

### C. The Case-Dispositive Theory of Ineligibility in the -218 Case Applies with Equal Force Here.

As the court held in the -218 case, "Bard claims merely the degree of safety and reliability necessary to secure FDA approval" but "safety and reliability...are unquestionably abstract ideas." (D.I. 300-1, Ex. 1 at 16–17.) There was no "technical hurdle" in using a radiographic marker/feature of a port to convey its power injection capability. (*Id.* at 18.) Indeed, the only "hurdle Bard had to overcome" was obtaining FDA approval to market its port as power injectable. (*Id.* at 20.)

Dr. Solar similarly opines that "[u]sing an implantable medical device safely and reliably is an abstract idea" and the "claims do not recite anything to make the power injectable port safe and reliable to use." (Ex. G at 14, ¶1710; *see also* Angio's Response to Bard's SUFs at Disputed Fact 1.) Dr. Vogelzang agrees, explaining that determining whether a port can be used safely and reliably ▬▬▬▬▬▬▬ ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ and that the claims ▬▬▬▬

8

██████████████████████████████████████████████████████████

████████████████████████████████████████; *see also* Angio's Response to Bard's SUFs at Disputed Fact 1.)

Indeed, neither the claims nor specification identify any structure that makes a port "power injectable", nor does either identify a new type of radiopaque marker. Bard's own evidence explains why—"power injectable" ports and radiopaque identification long existed. (D.I. 510 at 2–4, 7–13.) Inventor Kelly Powers even testified that ████████████████████████████████████████████

████████████████████████████████████████████████████████

████████████████████████████████████████████████ (Ex. J at 87:6–88:5.) And Ken Eliasen, a Bard 30(b)(6) witness, admitted that ████

████████████████████████████████████ ████████ ████

████████████████████████ (████████████████)

Bard's motion does not address these merits issues and should be denied for this further reason. If anything, the evidence here suggests that summary judgment of ineligibility should be granted in Angio's favor. *See SRI Int'l, Inc. v. Cisco Sys., Inc.*, 930 F.3d 1295, 1307–08 (Fed. Cir. 2019); *Talecris Biotherapeutics, Inc. v. Baxter Int'l Inc.*, 510 F. Supp. 2d 356, 362 (D. Del. 2007); Fed. R. Civ. P. 54, 56.

## IV. CONCLUSION

Angio respectfully requests the Court deny Bard's Motion for Summary Judgment that the patents are eligible under §101.

Respectfully submitted,

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

John T. Moehringer
Danielle V. Tully
Michael B. Powell
David A. Cole
John T. Augelli
Danielle V. Tully
Michael B. Powell
CADWALADER, WICKERSHAM
 & TAFT LLP
200 Liberty Street
New York, NY  10281
Tel:  (212) 504-6000

Dated: December 7, 2023
Public Version Dated:
December 20, 2023
11200282 / 17409.00002

By: /s/ David E. Moore
David E. Moore (#3983)
Bindu A. Palapura (#5370)
Andrew L. Brown (#6766)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE  19801
Tel:  (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
abrown@potteranderson.com

*Attorneys for Defendant/Counterclaim Plaintiff AngioDynamics, Inc.*

10

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I, David E. Moore, hereby certify that on December 7, 2023, the attached document was electronically filed with the Clerk of the Court using CM/ECF which will send notification to the registered attorney(s) of record that the document has been filed.

I hereby certify that on December 7, 2023, the attached document was electronically mailed to the following person(s):

## VIA ELECTRONIC MAIL

Jack B. Blumenfeld
Brian P. Egan
Cameron P. Clark
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
jblumenfeld@morrisnichols.com
began@morrisnichols.com

Steven C. Cherny
Matthew A. Traupman
Brian P. Biddinger
Quinn Emanuel Urquhart & Sullivan, LLP
51 Madison Avenue, 22nd Floor
New York, NY 10010
stevencherny@quinnemanuel.com
matthewtraupman@quinnemanuel.com
brianbiddinger@quinnemanuel.com
bardvangiodynamics-qeteam@quinnemanuel.com

| | |
|---|---|
| Lauren Martin<br>Elizabeth M. Kelly<br>Quinn Emanuel Urquhart<br>& Sullivan, LLP<br>111 Huntington Ave, Suite 520<br>Boston, MA 02199<br>laurenmartin@quinnemanuel.com<br>elizabethkelly@quinnemanuel.com<br>bardvangiodynamics-<br>qeteam@quinnemanuel.com | Brianne M. Straka<br>Quinn Emanuel Urquhart<br>& Sullivan, LLP<br>191 N. Wacker Drive, Suite 2700<br>Chicago, IL 60606<br>briannestraka@quinnemanuel.com<br>bardvangiodynamics-<br>qeteam@quinnemanuel.com |

By: */s/ David E. Moore*
    David E. Moore (#3983)
    Bindu A. Palapura (#5370)
    Andrew L. Brown (#6766)
    POTTER ANDERSON & CORROON LLP
    Tel: (302) 984-6000
    dmoore@potteranderson.com
    bpalapura@potteranderson.com
    abrown@potteranderson.com