IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| C.R. BARD, INC. and BARD PERIPHERAL VASCULAR, INC., | ) ) ) |
| Plaintiffs/Counterclaim-Defendants, | ) ) ) |
| v. | ) C.A. No. 20-1544-CFC-SRF ) ) |
| ANGIODYNAMICS, INC., | ) ) |
| Defendant/Counterclaim-Plaintiff. | ) ) ) |

### MEMORANDUM ORDER

Pending before me is "Bard's Motion for Summary Judgment No. 1: That The Asserted Claims Are Patent Eligible Under 35 U.S.C. § 101." D.I. 503. Plaintiffs (collectively, Bard) seek by the motion an order declaring that "Claims 1–10 of U.S. Patent No. 7,785,302; claims 1–12, 14, 16 and 18–20 of U.S. Patent No. 7,947,022; and claim 8 of U.S. Patent No. 7,959,615 are patent eligible under 35 U.S.C. § 101." D.I. 503 at 3.

Bard argues that the Federal Circuit held in *C.R. Bard, Inc. v. Med. Components, Inc.*, 2023 WL 2064163 (Fed. Cir. Feb. 17, 2023) ("*MedComp*") that "the asserted claims in Bard's three patents [asserted in this case] are directed to

1

eligible subject matter under [35 U.S.C.] § 101." D.I. 504 at 1 (quoting *MedComp*, 2023 WL 2064163, at *1). Bard says that patent eligibility is a question of law and that the Federal Circuit "resolved" that question with respect to the asserted claims in this case in *MedComp*. D.I. 504 at 1. Defendant AngioDynamics, Inc. counters that *MedComp* is a non-precedential opinion that "did not address ineligibility under the theory Angio[Dyamics] intends to present" in this case. D.I. 554 at 5.

There is language in *MedComp* that supports both parties' positions. Bard is correct that the Federal Circuit expressly stated in *MedComp* that the asserted claims in this case "are directed to eligible subject matter under § 101." 2023 WL 2064163, at *2. But before making that statement, the Court noted in its opinion that "the exact . . . question . . . before us now[] [is] whether claims that include non-functional printed matter could be eligible under § 101." *Id.*

I need not, however, engage in an exegesis of *MedComp* to resolve the pending motion. *MedComp* is a nonprecedential opinion. But more to the point, just as "courts do not declare patents to be valid, and only declare that they have not been proved to be invalid," *Ball Aerosol & Specialty Container, Inc. v. Ltd. Brands, Inc.*, 555 F.3d 984, 994 (Fed. Cir. 2009), courts do not declare patents to be eligible under § 101, but instead declare only that a party has (or has not) established that a patent is ineligible under § 101.

2

NOW THEREFORE, at Wilmington on this Third day of January in 2024, it is HEREBY ORDERED that Plaintiffs' Motion for Summary Judgment No. 1 (D.I. 503) is DENIED.

                                                                                                     CHIEF JUDGE